F. M. Tenny v. The Hilton Corporation, Mabel W. Tenny and Delos C. Wright.

192 So. 180
Division A
Opinion Filed November 21, 1939
Rehearing Denied December 5, 1939

*Ray Selden,* for Appellant;

*Green & West,* for Appellees.

Thomas, J.—The story unfolded before the chancellor by witnesses of the complainant, appellant in this Court, was that a corporation had been formed at the instance of complainant, to which was deeded certain property he owned in Florida, the purpose being, to quote the complainant, "a temporary cover up" and a protection against "possibility of judgments being executed against me," as a result of "several unfortunate investments."

The corporation possessed no assets other than this property and no consideration was paid for the forty-eight shares of capital stock issued to complainant's wife, one to his mother and one to himself.

In the bill of complaint relief was asked against the wife, the wife's father and the corporation, which he described in his bill as a "dummy." He prayed specifically that the court of equity would effect the return of his stock and property and enjoin dominion and control over it by the

defendants, in other words, free him from his "Frankenstein."

The chancellor dismissed the bill and his action in doing so had the support of abundant authority.

"If appellant sold and conveyed his stock of goods for the purpose of defrauding his creditors, he, of course, cannot be heard in a court of justice to question the sale, although he may not have received a cent for the transfer." Kahn v. Wilkins, 36 Fla. 428, 434, 18 South. Rep. 584, 586.

A man may not transfer his property to his wife with the avowed purpose of defeating his creditors and then expect a court of equity to relieve him of the predicament in which he has placed himself.

Affirmed.

TERRELL, C. J., and BUFORD, J., concur.

BROWN, J., concurs in opinion and judgment.

Justices WHITFIELD and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.