LEONA TOMBERLIN, Appellant, v. AARON P. TOMBERLIN, Appellee.

199 So. 48
Division B
Opinion Filed December 6, 1940

*Edwin R. Dickenson,* for Appellant;

*John J. Twomey* and *L. A. Grayson,* for Appellee.

CHAPMAN, J.—From a final decree entered by the Circuit Court of Hillsborough County, Florida, an appeal has been perfected to this Court. The court granted a divorce to the husband, plaintiff below, on the ground of extreme cruelty, awarded the custody of their adopted daughter to the mother and required the payment of $30.00 per month to the mother for its support and maintenance.

The bill of complaint charged the defendant below with adultery and the chancellor, on final hearing held that the evidence was insufficient to sustain the charge, and on this point we fully agree. The evidence showing the relation of the wife with an agent of the Singer Sewing Machine Company was insufficient to establish adultery, nor from any reasonable inference from all the evidence could such a

conclusion be reached. The testimony shows that the wife conducted herself in an indiscreet and imprudent manner.

There is testimony in the record to sustain the chancellor in granting the plaintiff below a divorce on the ground of extreme cruelty. On many of the essential points disputes and conflicts occur, but we do not feel justified on this record in interfering with the conclusions of the chancellor below on the testimony. We are not justified in substituting our views for those of the chancellor. The burden rests on the appellant in this Court to make error fully appear.

The testimony shows that the wife made three separate journeys to the matrimonial altar and as many appearances in the divorce courts, and these vital experiences occurred while she was under thirty years of age. The husband was not a novice, but had also angled in the matrimonial waters. There were no children born to the marriage and some property, but not a great amount, had been accumulated. The fact that the wife sat in a parked automobile after dark for some two or three hours and talked to a gentleman friend and attentively listened to his sweet nothings and arrived home during the late hours of the evening could have reasonably been expected on the part of the husband. The first impulse of a law student, no doubt, would be to apply to the conduct of the parties involved the well established and recognized doctrine of *caveat emptor* (let the purchaser take care), and such an application may be approximately correct. We fail to find reversible error in the record.

Counsel for appellant filed in this Court a petition for counsel fees and at the bar of the Court requested an allowance for the costs of this appeal. It has been suggested that the sum of $500.00 is a reasonable fee to be allowed as counsel fees for the wife, but to this we cannot agree because the ability of the appellee to pay this amount has

not been made to appear. We think under the conditions and circumstances of the husband in this case that the sum of $200.00 is equitable and just for him to pay as counsel fees in this Court. The wife is without money, property or income and the costs of this appeal, inclusive of the transcript of record, are hereby assessed against the appellee.

It is so ordered.

WHITFIELD, P. J., and BROWN, J., concur.

TERRELL, C. J., concurs in opinion and judgment.