**WILLIAM P. McMICHAEL v. IRENE COOLEY McMICHAEL**

28 So. (2nd) 692                    June Term, 1946
January 13, 1947                    Division B

*Frank Clark, Jr.,* for appellant.

*J. F. Gordon,* for appellee.

HARRISON, Associate Justice.

The marital relationship of the parties to this cause dates from 1920. There are two sons of this union, each is now over the age of twenty-one years.

Both parties contributed to the purchase price of the home in Homestead, Florida, and to the improvements on the property, namely, two apartments on the rear of the property title thereto having been placed in both parties. About five years ago the appellant transferred to appellee his interest in the property on agreement the same should be in lieu of alimony and suit money by virtue of divorce action then planned.

In the divorce action from which this appeal arises, the appellee, complainant in the divorce action, claimed to own the property mentioned above. Appellant denied her grounds for divorce, did not specifically deny the marriage, but did deny that appellee was entitled to claim the property, on the ground that conveyance had been made for convenience, and nothing else, and that there was no consideration therefor.

The cause was referred to a Master for taking testimony, and he took same and made report to the county, with findings of law and fact. Exceptions were fully fixed, and were over-ruled and denied. Appellee was granted divorce, the Master's fee of three hundred ($300.00) dollars was apportioned be-tween the contending parties in equal amounts, viz: $150.00 each, and appellant was permanently enjoined from harming, molesting or bothering appellee and from entering into the premises known as 113 N. W. 1st Street, Homestead, Florida.

Appellant contends the final decree should be overthrown, because it is not sustained by the testimony, and that appellee is herself not free from fault, and for that reason should be denied a divorce.

The court had ample, substantial evidence, though con-flicting, to sustain the decree. In such state of the record we would not be justified in holding him to be in error. See Burns v. Burns, 153 Fla. 79, 13 So. 2nd, 599; Tomberlin v. Tomberlin, 145 Fla. 254, 199 So. 48, 49.

It is a rule that one coming into equity, must come with clean hands. And as was said in Sahler v. Sahler, 17 So. (2nd) 105 at text 107, 154 Fla. 206, where both parties are at fault relief should be withheld from both.

In the case at bar, it may be said that appellee is not shown to be entirely blameless or free from fault, in that her con-duct as established could not be prescribed as a model for married women. She has certainly not been shown to be im-moral, although much testimony was offered with that evi-dent object in view.

Appellant contends his marriage with appellee was not legal. There is no pleading expressly raising this point. It is urged that if there be no marriage, then there could have

been no alimony and if no alimony, of necessity, there was no consideration for the settlement as related to the property.

The testimony of both parties is meagre in relation to the divorce from appellant's first wife. Whether he was divorced, when he married appellee, and some question arose regarding same, or whether he had never been divorced until about five years ago, is not clear. Certainly the law would presume a marriage to be legal until otherwise shown.

Appellee testified that she first learned there was any question that it wasn't legal about four or five years ago, that she broke down and went to bed over it, and did not want the children to know it.

The parties continued to live together thereafter, and he is not in position to question their status. See Jones v. Jones, 161 So. 836, 119 Fla. 824.

Appellant did not question the conveyance to his wife on constitutional grounds and indeed such contention would not have been consistent with the position he has asserted. The Court's order which in effect confirmed appellee's claim to the property as a settlement in lieu of alimony appears to be warranted by the testimony.

The decree appealed from is affirmed.

Affirmed.

CHAPMAN, C. J., THOMAS and BARNS, JJ., concur.