Suit by Mary Evans Scott against Lillie S. Sites and another for decree declaring certain real and personal property in name of named defendant to be actually held in trust for plaintiff and requiring an accounting from other defendant. From adverse decree, the plaintiff appeals.
Affirmed.
The appellant sought a decree declaring certain real and personal property in the name of the appellee, Lillie S. Sites, to be actually held in trust for the appellant, and requiring an accounting from the other appellee, John H. Dresbach.
Thus it will be seen that three phases of the litigation were presented to the court — namely, the real property, the personal property, and the accounting. There is no need to mention further the personal property because a decree was entered declaring the appellant to be entitled to its possession. There seems, too, to be no necessity to treat of the accounting because a decision of that matter is not presently urged. So we proceed to determine whether, under the facts and applicable law, the appellee, Lillie S. Sites, held the real property in trust for the appellant.
We have examined carefully the master's report, which was unqualifiedly approved by the chancellor, and have read the testimony and the decisions to determine whether the master's finding that no trust existed was justified. We think unquestionably that it was. It was abundantly established that the appellant acquired the property as a part of the estate of her deceased husband and subsequently lost it when a mortgage she had given was foreclosed and the property was purchased by the mortgagee at the master's sale. Later the appellant bought the property from the one-time mortgagee but took the title in the name of one George Gabler, *Page 445 
who executed a deed conveying it to the appellee, Lillie S. Sites. Neither Gabler nor the appellee paid anything whatever as a consideration for the conveyances to them, and appellant's obvious purpose in having the property conveyed in this manner was to defeat the claims of her creditors. In truth, this was shown by the appellant's own statement under oath.
It is the general rule that when one purchases property and causes the title to be taken by another for the purpose of thwarting his creditors, a court of equity will not aid him in extricating himself from the situation he has created. In such circumstances he becomes a victim of his own fraudulent devices and cannot enter a chancery court with clean hands. This principle, which we recognized in Tenny v. Hilton Corporation,140 Fla. 521, 192 So. 180, is especially applicable here.
The appellant failed to convince the chancellor that the master had erred and has not shown us any reason to disturb the final decree.
Affirmed.
ADAMS, C.J., and TERRELL and BARNS, JJ., concur.