Suit to set aside deeds and power of attorney by Nora Warfield against Paul L. Drawdy. From the decree, Nora Warfield appeals.
Affirmed.
The appellant brought suit to set aside several deeds and a power of attorney ostensibly executed to the appellee and the sole ground of her attack was that the instruments were "absolute forgeries," were not signed by her, and were not known by her to be in existence until they had been recorded. To clinch the allegations she averred that she had not even heard of the appellee at the time the instruments appeared to have been executed.
By denials in the answer these assertions were put at issue, and a special examiner of the court proceeded to take testimony in the cause. To prove her case, the appellant testified positively about her not having seen the appellee or even known of him until a time subsequent to the supposed execution of the latest instrument, and then denied seriatim, and in minute detail, any knowledge whatever of either the deeds or the power of attorney.
A month later a very curious thing happened. She ascended the witness stand and announced that she wished to make a "correction" in her testimony; whereupon she repudiated, bit by bit, everything she had stated relevant to the existence, the signatures, and the acknowledgments of the instruments. Her lame excuse was that she had signed the papers with the understanding that they would not be recorded and when she discovered that this arrangement had been violated and they had been placed on record, she consulted a friend, who advised her to deny outright ever executing them. Following this advice she had deliberately falsified. (It should be said here in fairness to her counsel that they were unaware of her fabrication until her first testimony had been given.) She then took an entirely new tack by stating that the appellee had paid her nothing for the various properties conveyed, but had persuaded her to deed them to him to avoid losing them as a result of some pending or threatened litigation.
After the appellant had retracted her original testimony the cause proceeded along the general line that she had, after all, signed the instruments but that there was no consideration for them. Then the appellant, in what seems to us a classic in understatement, represented to the chancellor that "certain of the testimony produced by her and in her behalf is not in accordance with the Bill of Complaint * * *," and she asked the chancellor for permission to amend the original pleading to conform to the proof.
The chancellor's reaction to this request, made after the close of the testimony, is reflected in his concise decree denying it because the proposed bill represented a "separate and distinct cause of action * * * inconsistent with and repugnant to the original Bill," and he dismissed the cause.
We see no need to tarry in a discussion of the principle, oft announced, that one who conveys his property to another for the purpose of defeating his creditors will be denied relief in equity, Tenny v. Hilton Corporation, 140 Fla. 521, 192 So. 180, and Scott v. Sites, Fla., 41 So.2d 444, not yet reported in State reports, for it is not clear to us whether there was any real danger from an impending suit mentioned by the witnesses, and for the further reason that there is actually testimony that the appellee did in fact pay the appellant for the property.
We go direct to the point whether in the circumstances evident in this record it can be said that the chancellor erred when he held that there was a departure and that he would exercise against the appellant his discretion relative to allowing amendments. To begin with, after what she had done, there was little reason for him to have confidence in the testimony she later gave or in the position she took based upon it.
While we are committed to the propositions that liberality will be indulged *Page 879 
in the amendment of pleadings, Watkins v. Watkins, 123 Fla. 267,166 So. 577, and a broad discretion will be accorded the trial judges in that respect, Mills Rock Company v. Mills, 137 Fla. 607, 188 So. 210, such amendments are not allowable if they "would change the issue, or introduce new issues, or materially vary the grounds of relief * * *," Griffin v. Societe Anonyme la Floridienne J. Buttgenbach Co., 53 Fla. 801, 44 So. 342, 351.
In substance, appellant insists that there was no departure because the ultimate relief sought in both bills was the cancellation of the instruments and, anyway, the deceit later charged was but another form of forgery. We find ourselves in disagreement with counsel on both of these contentions. We do not consider that a suitor is entitled to any amendment he proposes so long as the relief he expects remains the same. In Griffin v. Societe Anonyme la Floridienne J. Buttgenbach Co., supra, it was said that if the issues were changed or new ones introduced or the grounds of relief materially varied, the matter could not be introduced in an amendment. We referred to that part of this opinion in McCullough v. McCullough, 156 Fla. 321, 23 So.2d 139, 140, and further quoted from the opinion: "`We have discovered no case which authorizes such an amendment inconsistent with the allegations of the original bill.'" We there drew attention to holdings of other courts that the liberality to be indulged gradually diminishes as the trial progresses.
When we consider all these rules involving liberality, discretion, issues, and the circumstances in this particular controversy we cannot discover a just reason to disturb the finding of the chancellor.
As we have said, the appellant unequivocally charged in her bill and stated in her testimony that the instruments she importuned the court to set aside were utterly unknown to her, and that the grantee in the deeds, who was also the person named in the power of attorney, was even unknown to her until after the latest deed had been recorded. This ground for relief was presented in her pleading and urged in her own testimony. Then she confessed that all of her testimony to that effect was pure fabrication, and took an entirely different course, which we consider constituted a different ground and formed a different issue. Aside from this, she undertook under her later theory to blame the grantee with persuading her to convey the property to him because it was endangered by litigation. We have already alluded to the equitable principle which obtains in such a transaction. She offered no amendment until all testimony in the case had been taken; so, invoking the rule we recognized in McCullough v. McCullough, supra, it seems to us that by the time she got around to submitting the amended bill the liberality in allowing such amendments had diminished to the point where her request was entitled to very little consideration on the part of the chancellor.
We find no occasion to interfere with the discretion the chancellor exercised in disallowing the amendment; so his decree is affirmed.
ADAMS, C.J., and TERRELL and BARNS, JJ., concur.