123 So.2d 365 (1960)
Mary M. HILL and Vernon J. Hill, her husband, Appellants,
v.
Tom J. LUMMUS, Administrator of the Estate of Lucille Gysin, deceased, Margaret Russo and Robert Russo, her husband, and John James Savarda, Appellees.
No. 59-460.
District Court of Appeal of Florida. Third District.
October 6, 1960.
Effie Knowles, Miami, for appellant.
A.N. Spence and Michael J. Zyne, Miami, for appellees.
HORTON, Chief Judge.
Appellants seek reversal of a final decree which adjudicated that certain conveyances executed by the appellants' predecessors in title were void, ordered the cancellation thereof, and decreed that the title to the real property in question was vested in Lucille Gysin, a sister of the appellant Mary M. Hill. The appellants' complaint sought declaratory relief and alleged that on January 3, 1956, Lucille Gysin, a widow and owner of certain real property, conveyed it by warranty deed to the appellee Margaret Russo; that the conveyance was in trust for the use and benefit of Lucille Gysin and was conveyed by Margaret Russo, pursuant to said trust, to the appellants. This conveyance took place on August 17, 1956. On May 19, 1958, Margaret Russo, joined by her husband, Robert Russo, conveyed the property in question to one Savarda. It further appears that Lucille Gysin was at the time of the filing of this action, deceased, and the appellee Lummus had been appointed as administrator of her estate. The complaint prayed that the appellants be decreed to be the owners in fee simple *366 and that a certain claim of lien filed by Savarda on the property be cancelled.
The administrator answered the complaint and admitted that Lucille Gysin was the owner of the property and that she had conveyed it to Margaret Russo in trust as alleged in the complaint, but denied that Margaret Russo for a good and valuable consideration, and pursuant to the trust, had conveyed the property to the appellants. Specifically, the administrator denied that there was any consideration for the deed given by Margaret Russo to the appellants and that it was further void because Margaret Russo was a married woman and had not been joined in the deed by her husband. The answer contended that the real property belonged to the estate of Lucille Gysin, deceased. In a cross complaint, the administrator realleged the matters contained in his answer and further alleged that the deed executed by Margaret Russo and her husband to Savarda was void for lack of consideration and for the further reason that Margaret Russo held the property in trust for Lucille Gysin and that neither Margaret Russo nor her husband were the owners of the property or had any authority to convey the same to Savarda. The cross complaint prayed for the cancellation of the deed to Savarda and quieting of title in the administrator.
Upon the trial of the issues, it developed that the decedent had conveyed the property to Margaret Russo in contemplation of liability which she might incur by reason of an automobile accident in which the decedent's automobile was involved. Margaret Russo was subsequently to convey the property at the direction of the decedent and in fact, on August 17, 1956, executed a deed of conveyance to the appellants, on which instrument the decedent appeared as a witness. The celibacy of Margaret Russo in this conveyance was not indicated, there was no consideration paid by appellants for the conveyance, and her husband, Robert Russo, did not join in the conveyance. The conveyance to the appellants came as a surprise to them since the first they apparently knew of it was upon the receipt of the deed from the clerk of the circuit court of Dade County, Florida. It is admitted that Margaret Russo paid no consideration for the conveyance to her from Lucille Gysin and has never claimed an interest in the property. After the conveyance on August 17, 1956, and specifically on May 19, 1958, Margaret Russo, joined by her husband, Robert Russo, conveyed the property in question to Savarda, upon the representation by Savarda that the property was to go to Lucille Gysin's estate to be divided among her sisters. No consideration was paid for this transfer.
The appellants' main contention is that the administrator is estopped to question the validity of his decedent's deed and the subsequent transfer by Margaret Russo to the appellants. The appellee poses only one question and that is directed to the questioned validity of the deed of transfer from Margaret Russo to the appellants on the ground that Margaret Russo being a married woman, her conveyance would require the joinder of her husband, in the absence of which the deed was void. Collaterally, the appellee contends that since the deed from Margaret Russo to the appellants was void because of the failure of her husband to join, such void deed would not work an estoppel.
The evidence discloses, and the administrator's brief admits, that the original transfer from the decedent to Margaret Russo was an attempt to frustrate the collection by potential creditors of claims against the decedent arising out of an automobile accident. This being true, the decedent during her lifetime would not have been in a position to force a reconveyance of the property, for it is settled law in this state that a court of equity will not assist one in extricating himself from circumstances which he has created. Such a situation was presented in Scott v. Sites, Fla. 1949, 41 So.2d 444, 445. In that case, Scott was seeking a decree that certain property in the name of Sites was actually being held *367 in trust for Scott. It developed on a trial of the cause that Scott bought the property and had the title taken in the name of one Gabler who subsequently conveyed it to Sites. Neither Gabler nor Sites paid any consideration for their conveyances and the purpose in transferring the property was to defeat the claims of creditors. In affirming the denial of relief sought by the appellant, the Supreme Court of Florida said:
"It is the general rule that when one purchases property and causes the title to be taken by another for the purpose of thwarting his creditors, a court of equity will not aid him in extricating himself from the situation he has created. In such circumstance he becomes a victim of his own fraudulent devices and cannot enter a chancery court with clean hands, * * * Tenny v. Hilton Corporation, 140 Fla. 521, 192 So. 180, * * *."
See also Spector v. Ahrenholz, Fla.App. 1958, 107 So.2d 34; Kahn v. Wilkins, 36 Fla. 428, 18 So. 584; 15 Fla.Jur., Fraudulent Conveyances, § 40.
Since the actions of the decedent worked an estoppel against the administrator, he would not be in a position now to urge the invalidity of a deed from his decedent's grantee to another. We have heretofore observed that Margaret Russo paid no consideration for the conveyance to her from the decedent and has disclaimed any interest in the property since her transfer to the appellants. It is conceded that Mrs. Russo has carried out the terms of the admitted oral trust impressed upon the property by her grantor. The title to the property appears now vested in the appellants. With the administrator estopped to question the validity of the transfers, the title to this property should be quieted and established in the appellants.
The chancellor decreed that the deed from appellees Russo to Savarda should be cancelled and in this we concur.
That portion of the decree cancelling the Savarda deed is affirmed but in all other respects the decree is reversed and the cause is remanded with directions that the chancellor enter a final decree declaring that the fee simple title to the property in question is vested in the appellants.
Affirmed in part, reversed in part and remanded with directions.
PEARSON and CARROLL, CHAS., JJ., concur.