BARKDULL, Judge
(dissenting).
I respectfully dissent in part from the majority opinion which affirmed the final judgment here under review, and in particular, that portion of the opinion which approved the trial court’s action in permitting an amendment to the pleadings at the conclusion of the plaintiff’s case, over the strenuous objections of the defendant. With the disposition of all other points considered in the majority opinion, I concur; but I believe that harmful error was created by the trial judge in permitting an amendment during the middle of the trial, which altered the legal status of the plaintiff and increased the duty and obligation owed by the defendant to the plaintiff.
It appears from the record that the plaintiff instituted his suit seeking recovery for alleged injuries sustained while enjoying the pool facilities of the defendant, wherein he averred in his complaint that he was upon the defendant’s premises as a “licensee”. Upon the defendant filing its answer it admitted that the plaintiff was upon its premises as a “licensee”. Therefore, it is apparent that at no time prior to the eve of the trial was the plaintiff’s status in issue, both parties conceding until the eve of the trial that the plaintiff was a “licensee”. No issue of this status, other than as a “licensee”, was brought forth at the summary judgment hearing and, in fact, the plaintiff successfully resisted the *289 motion for summary judgment while occupying the status under his pleadings as a “licensee”.
Upon the eve of the trial, counsel for the plaintiff served what was styled an amendment to his pleadings to change the status of the plaintiff from that of a “licensee” to “licensee or invitee”, and moved for an order permitting same. The defendant offered strenuous objections to this change in the pleadings, contending that it constituted surprise; that in preparing its case it had had no occasion to consider the status of the plaintiff as both parties, in their pleadings which had drawn the issues, had conceded that he was a “licensee”. The trial court did not rule on the amendment or on defendant’s objections thereto when they were presented during the opening of the trial. Instead, it required the case to proceed and did not rule until the conclusion of the plaintiff’s case, when the amendment was permitted changing the status under the pleadings of the plaintiff’s presence on the defendant’s premises from “licensee” to “licensee or invitee”. This change in the alleged status of the injured party materially altered the obligations and responsibilities of the defendant, for there is a greater duty of care owed an invitee than a licensee. McNulty v. Hurley, Fla.1957, 97 So.2d 185. Thus, to allow the plaintiff to amend his complaint to read “ * * * plaintiff, John Slack, was a licensee or invitee upon the premises of the defendant.” [emphasis added], in the middle of the trial was prejudicial to the defendant in that it then would have to offer proof that it had met the duty owed the plaintiff as an invitee instead of a licensee, when it had no reason to anticipate such a contention and no time to prepare such a defense. While the law of our State favors liberality in amendments to pleadings, and amendments can be made under the rules at any time, they will not be allowed when they prejudice the opposing party as does the amendment in the instant case. Warfield v. Drawdy, Fla.1959, 41 So.2d 877; Tucker v. Daugherty, Fla.App.1960, 122 So.2d 230.
The amendment was untimely, and if it was to be granted then the trial of the issues should have been continued in order to give the defendant a reasonable time to meet this new issue. I would therefore reverse the judgment and remand the cause for a new trial.