180 So.2d 497 (1965)
Dorothy D. SPONHOLTZ, Appellant,
v.
Ivan SPONHOLTZ, Appellee.
No. 65-19.
District Court of Appeal of Florida. Third District.
November 16, 1965.
Rehearing Denied December 21, 1965.
*499 Irving Peskoe, Homestead, Richard M. Gale, Miami, for appellant.
Williams, Salomon & Kenney, Miami, for appellee.
Before HENDRY, C.J., and CARROLL and SWANN, JJ.
PER CURIAM.
This is an appeal by defendant, Dorothy Sponholtz, and a cross-appeal by plaintiff, Ivan Sponholtz, of a final decree of divorce and decree determining ownership of stock. Defendant seeks reversal of the chancellor's order holding that the stock in question is the property of plaintiff and urges that this court increase the alimony and support payments. Plaintiff, by cross-appeal seeks reversal of the chancellor's order awarding certain property to defendant and a review of attorney's fees awarded defendant's original counsel.
This action was initiated by plaintiff when he filed a bill to impress a constructive trust and for other relief. Plaintiff set forth in his bill that an employee of a partnership of which he was then a part, was involved in an automobile accident which resulted in a law suit against the partnership and a recovery of a verdict in the amount of Three Hundred, Fifty-six Thousand Dollars. In the proceedings below plaintiff alleged that in order to protect the assets of the business the Sponholtz Corporation was formed and all of the stock issued to the defendant; that the corporation was formed prior to the entry of the judgment and that the Three Hundred, Fifty-six Thousand Dollars was the amount claimed in the suit. Plaintiff's insurance coverage was limited to Three Hundred Thousand Dollars liability. Plaintiff claimed that the stock was issued to defendant for the sole purpose of protecting plaintiff's personal assets, especially future earnings and on demand it would be transferred to the plaintiff. The initial capitalization of the corporation was Five Hundred Dollars, which was paid in by the defendant with money from a bank account in the name of the defendant and her daughter. At the time of the hearing, the assets of the corporation had grown to over One Hundred, Thirty Thousand Dollars.
The defendant, in her answer, asserted a counter-claim for divorce. Plaintiff filed his answer to the counter-claim and added his counterclaim for divorce. Defendant's counter-claim for divorce was withdrawn and she does not seek any review of that portion of the final decree awarding the plaintiff a divorce.
The chancellor found that the corporation in question was formed to protect the plaintiff's earning capacity from the excess judgment arising from a suit against a partnership of which plaintiff was a partner and that there was no fraudulent conveyance involved in the transaction, as no conveyance was made to the corporation. He further found that creditors were not affected or defrauded because the claims were ultimately settled and paid. The chancellor rejected the rule that a husband who transfers assets to his wife only to avoid the claim of creditors may not be relieved *500 of his own predicament in a court of equity. He stated, "The facts of this case and the chancellor's obligation to the children born of the marriage particularly in view of the unique circumstances and the personalities involved require this court to determine the equity of this cause not for the benefit of the husband or wife, but rather to safeguard the welfare of the children to the exclusion, if need be, of any legal or equitable right of the plaintiff and defendant as parents." The chancellor was convinced that it would do a grave injustice to the children and the defendant if he awarded the corporation to the wife, because in the chancellor's opinion she is not equipped to operate it, and its assets and value as a going concern would be dissipated very soon, and that the minor children of the marriage would be the ones who would principally suffer.
We are in sympathy with the chancellor's avowed purpose in awarding the corporation to the plaintiff to protect the minor children involved. This court in a prior divorce suit, stated: "It is implicit in the chancellor's decree that he found the family corporation to be largely the product of the ability and industry of the husband. * * * The finding by the chancellor that the interests of all concerned, including the minor children, could best be served by leaving the operation of the family business in the husband cannot be held improper."[1] Although this decision appears applicable to the present case, the factual situation makes the comparison erroneous.
In that case, the ownership of the corporation was ascertained prior to the divorce proceedings. The entire capita: stock was owned by the husband and wife, however, the wife had a divisible minority share. There was no question of a fraudulent transaction. The chancellor ordered the husband to purchase the wife's interest. On appeal, the wife questioned this order and our aforementioned decision followed. In the instant case, the ownership of the corporation is the ultimate question to be resolved, and by plaintiff's own admission the entire transaction was intended to defeat the judgment creditors.
This court will not lightly set aside the findings of the chancellor on the facts where the evidence is heard by him and the witnesses are before him unless shown to be clearly erroneous; yet where a decree is manifestly against the weight of the evidence, or contrary to, and unsupported by the legal effect of the evidence, then it becomes our duty to reverse such decree.[2]
The Supreme Court decided a case involving a factual situation similar to the one before us. In that action, the complainant set forth that a corporation was formed as a "temporary cover up" and a protection against "possibility of judgment being executed against me." The court held that a man may not transfer his property to his wife with the avowed purpose of defeating his creditors and then expect the court of equity to relieve him of the predicament in which he has placed himself.[3]
The Supreme Court has also committed itself to the doctrine that no trust can arise in favor of a person participating in a fraudulent transaction.[4] The chancellor found that there was no fraudulent conveyance in the transaction forming the corporation as no conveyance was made to the corporation. We find this to be manifestly against the weight of the evidence. Plaintiff in his complaint asserted that: "Said corporation was formed to protect the plaintiff from the execution of the judgment against his individual assets and was founded *501 solely with the plaintiff's money, and all of the assets transferred to said corporation were the plaintiff's property, which included real estate, machinery, good will, accounts receivable and other business assets. * * *" There is ample authority which indicates that an admission in a pleading is, as between the parties, accepted as a fact without the need for supporting evidence. There is evidence in the record that plaintiff's partner was given notes for the fair market value of his interest in the partnership assets transferred to the corporation. There is no evidence that the plaintiff received any consideration for his share of the assets. The entire weight of the evidence supports the conclusion that there was a conveyance from the partnership to the corporation and that the conveyance was for the sole purpose of defrauding creditors. Since there is no evidence that the corporation paid any consideration for the plaintiff's interest, the conveyance must be considered fraudulent. The chancellor, however, found that the creditors were not defrauded because the claims were ultimately settled and paid. Florida decisions concerning fraudulent transactions have proceeded on the general principle of refusing aid to a fraudulent grantor without any discussion of the effect of the fact that the claim sought to be evaded had already been settled and paid. Decisions from other jurisdictions are widely divergent on this point. A close examination of those decisions concluding that payment negates the fraudulent intent reveals that they are limited to voluntary payment which excludes payment as the result of legal process. Payment in this action was a satisfaction of judgment, thus we need not decide whether voluntary payment does purge a party of prior fraudulent conduct, but that it is inapplicable to the present situation. This court is forced to conclude that the chancellor's findings on this issue were manifestly against the weight of the evidence and that the legal effect of the evidence as a whole was misapprehended. Therefore, that portion of the decree ordering a transfer of the corporation to the plaintiff must be reversed.
The defendant also urges that this court increase the amount of alimony and child support, claiming they are not commensurate with her needs or the plaintiff's ability to pay. The amounts allowed are within the bounds of the chancellor's discretion as determined by the evidence before him. However, it is necessary to remand the cause on the question of alimony and child support in view of our decision that the defendant retain ownership of the corporation.
Plaintiff by cross-appeal seeks reversal of the chancellor's order awarding certain homestead property in South Miami, Florida to defendant, and a review of attorney's fees to be paid by plaintiff to defendant's original counsel. Plaintiff claims that the property was held in the joint names of the parties but was transferred to the defendant at the same time and for the same reason as the corporation. Since homestead property is not subject to the attacks of creditors there can be no fraud connected with this transfer. However, there is no evidence to show that the property was ever held jointly by the plaintiff and defendant. The chancellor found that the property was in defendant's name and should remain in her name; we find no error in that decision. We further find that the chancellor did not abuse his discretion in awarding attorney's fees to be paid by plaintiff to defendant's original counsel as determined by the evidence presented. However, we believe the chancellor may wish to reconsider the amount of attorney's fees assessed against the plaintiff in view of our decision concerning the ownership of the corporation and we therefore remand this portion for further consideration.
Those portions of the decree ordering the defendant to transfer to the plaintiff all of the assets of the Sponholtz Corporation and finding that the corporation is the property of the plaintiff are reversed. That *502 portion of the decree ordering the defendant to account to the plaintiff for certain accounts receivable is also reversed. That portion of the decree ordering defendant's counsel to return to plaintiff's counsel all sums of money taken from the corporate bank account by the defendant must also be reversed and remanded for further consideration consistent with these findings. All other portions of the decree are affirmed. However, the cause is further remanded to re-determine alimony and child support and attorney's fees in view of our decision that the defendant retain ownership of the corporation.
Affirmed in part, reversed in part and remanded for further proceedings consistent with this decision.
NOTES
[1] Turk v. Turk, Fla.App. 1960, 118 So.2d 67, 70.
[2] Shaffran v. Holness, Fla.App. 1958, 102 So.2d 35, Brumick v. Morris, 131 Fla. 46, 178 So. 564 (1938).
[3] Tenny v. Hilton Corporation, Inc., 140 Fla. 521, 192 So. 180 (1939).
[4] Rappaport v. Kalstein, 156 Fla. 722, 24 So.2d 301 (1946).