HOBSON, Judge.
Appellant, Robert S. Walker, appeals a final summary judgment in favor of appellant’s son Robert A. Walker and his wife, plaintiffs in the court below.
Appellees filed an action against appellant and his former wife to quiet title on property formerly held by the defendants as an estate by the entireties. A default judgment was entered against appellant’s wife, Carolyn A. Walker, and she is not a party to this appeal. Both parties filed motions for summary judgment with supporting affidavits.
On September 19, 1972, appellant executed a deed to his son conveying the property held by appellant and his wife as an estate by the entireties, without the joinder of his wife. On March 13, 1973, a final judgment was entered dissolving the marriage of appellant and his then-wife, giving possession of the property to the wife with the option of selling it and dividing the proceeds with appellant or obtaining full title upon payment of certain sums to appellant.
Appellees alleged that appellant was indebted to his son in the amount of $15,000, *1260 and that appellant executed and delivered the deed in question in partial payment of the sums due. Appellant denied this allegation, and to the contrary, contended that by prior agreement his son was to hold the property as a constructive trustee. Appellant further claimed that the transfer was made in contemplation of an imminent final judgment of dissolution of marriage between him and his wife and that judgment lien enforcement actions by holders of outstanding judgments against appellant would have jeopardized the title and occupancy of the house by his wife upon the entry of the final judgment of dissolution of marriage.
No questions of the property being a “homestead” were raised either by the pleadings or appellant’s affidavit in support of his motion for summary judgment, but the question was raised for the first time in appellant’s motion for rehearing.
The lower court granted appellees’ motion for summary judgment and adjudged appellee Robert A. Walker to be the owner in fee simple of an undivided one-half interest in the subject property with the defendant Carolyn A. Walker the owner of the other one-half interest therein.
When property is held as an estate by the entireties, neither spouse can alien or forfeit any part of the estate without the assent of the other, so as to defeat the rights of the other. English v. English, 1913, 66 Fla. 427, 63 So. 822; Bailey v. Smith, 1925, 89 Fla. 303, 103 So. 833. Even though the property is occupied during the lifetime of both parties as a homestead, it may be disposed of by tenants by the entir-eties as may any other property not exclusively owned by the head of a family and occupied by him as a homestead; Denham v. Sexton, Fla.1950, 48 So.2d 416, but neither spouse can convey the estate to a third party without the joinder of the other spouse. Hunt v. Covington, 1941, 145 Fla. 706, 200 So. 76; English, supra; Anderson v. Trueman, 1930, 100 Fla. 727, 130 So. 12; Leitner v. Willaford, Fla.App.3d 1975, 306 So.2d 555.
The record reflects that appellant executed the deed in question to a third party without the joinder of his then-wife. There is nothing in the record to indicate that the wife assented to the husband’s conveyance. Cf. MacGregor v. MacGregor, Fla.App.4th 1975, 323 So.2d 35. Such a conveyance would be ineffective to defeat the rights of the wife.
It has long been the rule in this state that a court of equity will not aid one who makes a conveyance of his property to another for the purpose of defrauding his creditors. Kahn v. Wilkins, 1895, 36 Fla. 428, 18 So. 584; Tenny v. Hilton Corporation, Inc., 1939, 140 Fla. 521, 192 So. 180; Hill v. Lummus, Fla.App.3d 1960, 123 So.2d 365; Studdle v. Studdle, Fla.App.3d 1972, 267 So.2d 688. Appellant is not in a position to urge the invalidity of the deed or to force a reconveyance of the property; Hill v. Lummus, supra.
The judgment appealed is
AFFIRMED.
McNULTY, C. J., and SCHEB, J., concur.