352 So.2d 154 (1977)
FLORIDA SUNSHINE COAST DEVELOPMENT COMPANY, INC. and Donna Manley, Appellants,
v.
Frank McCLUNG, Appellee.
No. 77-138.
District Court of Appeal of Florida, Second District.
November 23, 1977.
Charlie Luckie, Jr., of Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellants.
Law Offices of Frank McClung, Brooksville, for appellee.
PER CURIAM.
The trial court awarded plaintiff/appellee a judgment for $11,174.99 against defendants/appellants, Florida Sunshine Coast Development Co., Inc. and Donna Manley. We affirm as to the judgment entered against the corporate defendant but reverse as to the judgment against Donna Manley.
Plaintiff, a practicing attorney, sued defendants for legal fees. The evidence disclosed that Ms. Manley, president and sole owner of Florida Sunshine Co., retained plaintiff to obtain security for two noninterest bearing promissory notes totaling in excess of $200,000, payable to Florida Sunshine by two other corporations. Plaintiff was paid a retainer fee of $1,500 with additional fees to be paid later. These additional fees were confirmed by plaintiff's letter of May 15, 1976, directed to Ms. Manley, which in part stated:
In order to confirm our telephone conversation of this same date concerning my attorney fees in representing your company in the collection of the two promissory notes against T.K. & R., Inc. *155 and Gulf Land Surveyors, Inc., my charges will be $250 per suit plus 10% of the amount to be collected. It was necessary, of course, to file two suits since there were two notes against the separate corporations. (Emphasis added.)
Suits were filed by plaintiff attorney against each of the two corporations. A settlement resulted with the notes being redrawn to provide for interest, attorney's fees in the event of default, and, most importantly, for the new notes to be secured by mortgages. Shortly thereafter plaintiff collected in excess of $12,000 from the two corporations, and from these proceeds he was paid part of his fees. A dispute arose over whether the remainder of the fees were immediately due plaintiff, or whether they were payable only as Florida Sunshine received payments under the newly secured notes.
In a nonjury trial the court concluded that under the retainer agreement, plaintiff was presently entitled to his fees for having successfully obtained the secured notes in favor of Florida Sunshine. Our review of the record discloses substantial, competent evidence to support this finding, which was the legal basis for the judgment entered against defendant Florida Sunshine.
Plaintiff seeks to sustain his judgment against Ms. Manley on the basis of an admission in defendants' answer that plaintiff was employed on behalf of Florida Sunshine and Ms. Manley. At trial after plaintiff rested, counsel for Ms. Manley claimed such admission was inadvertent and sought to amend her pleadings. Plaintiff objected, and the trial court denied the motion. In so doing we think the trial court erred.
Fla.R.Civ.P. 1.190(b) provides that parties should be freely allowed to amend, unless the party objecting to the amendment can show that it will prejudice his case. We cannot see how plaintiff's case would have been prejudiced by the amendment defendants sought. From the evidence it appears most likely that when Ms. Manley retained plaintiff she did so on behalf of Florida Sunshine and not in her individual capacity. The notes sued upon were both payable to and held by Florida Sunshine, and not Ms. Manley. The plaintiff's letter mentioned previously acknowledged representation of Florida Sunshine and made no reference to representation of Ms. Manley individually. Plaintiff does not suggest any fraud or overreaching.
On the other hand, it appears to us that the trial court's refusal to grant the motion to amend did, in fact, prejudice Ms. Manley. A corporation enters contracts through its officers, and where, as here, the evidence clearly reflects the legal services were sought on behalf of and for the benefit of the corporation, there is no basis for entry of a judgment individually against the corporate officer who requested that service. See generally, 19 Am.Jur.2d, Corporations, Section 1341 (1965); 7 Fla.Jur., Corporations, Section 305 (1956). Here plaintiff attorney initiated litigation against two corporations on behalf of Florida Sunshine. He effectuated a settlement by which Florida Sunshine's notes were secured. Ostensibly Ms. Manley had no legal interest in the corporate notes. The corporation was obviously benefited, but there was no showing that Ms. Manley sought plaintiff's services in her own behalf, or that the services he rendered benefited her individually. Clearly, to impose personal liability on Ms. Manley as a result of the corporation's transaction would expose her to a liability not ordinarily visited upon officers of properly organized corporate entities.
Had the trial judge allowed defendants to amend their answer, as we think he should have, it would have been appropriate to permit plaintiff to present whatever evidence he may have had bearing on Ms. Manley's liability. Though it is difficult for us to envision that Ms. Manley employed plaintiff on her own behalf as well as the corporation's, we realize that this possibility does exist.
Accordingly, the judgment against Ms. Manley is vacated, and the cause remanded with directions to the trial court to grant *156 the amendment requested by defendants. Plaintiff should be permitted to present additional evidence as to Ms. Manley's liability if he so desires. The judgment against Florida Sunshine is affirmed.
Affirmed in part, reversed in part, and remanded to the trial court.
SCHEB, J., and McNULTY, JOSEPH P. (Ret.), Associate Judge, concur.
HOBSON, A.C.J., dissents with opinion.
HOBSON, Acting Chief Judge, dissenting.
I must respectfully dissent from that part of the majority opinion which holds that the trial judge abused his discretion in denying appellant Manley's motion to amend her answer.
Appellee's complaint was filed on November 13, 1975. The complaint alleged:
"3. On or about May 12, 1975, the Defendant, Donna M. Manley, hired the Plaintiff, FRANK McCLUNG to bring suit on two promissory notes, one in the amount of $185,022.42 against TK&R, INC., a Florida Corporation and the other note in the amount of $67,927.49 against GULF LAND SURVEYORS, INC., a Florida Corporation on behalf of the Defendants, FLORIDA SUNSHINE COAST DEVELOPMENT COMPANY, INC., a Florida Corporation and the Defendant, DONNA M. MANLEY.
"4. The Defendant, DONNA M. MANLEY, agreed to pay the Plaintiff the sum of $250.00 plus the sum of 10% of the amount to be collected.
"5. The Plaintiff sued on said notes and performed legal services up to and through a settlement which was satisfactory to the Defendant, DONNA M. MANLEY and the Defendant, FLORIDA SUNSHINE COAST DEVELOPMENT COMPANY, INC., a Florida Corporation."
The appellants' answer filed December 11, 1975 admits paragraphs 3 and 5 of the complaint. The appellants answered paragraph 4 of the complaint as follows:
"2. Defendants admit paragraph 4 except that the fee agreement was that plaintiff would receive 10% of the amount actually collected and $250.00 per suit."
The second defense in the answer alleges:
"Defendants allege that the amount owed by them to plaintiff is $1,950.00, and said amount has been paid in full through the $1,500.00 payment in advance and $450.00 rightfully retained by the plaintiff from the payments by TK&R, INC., and GULF LAND SURVEYORS, INC., toward the settlement amounts."
It is clear that appellants in their initial pleading admit that appellee was retained to represent both appellants. After pretrial discovery the case came on to be tried without a jury before the Honorable L.R. Huffstetler, Jr. on July 15, 1976. After appellee rested, the appellants moved for a directed verdict or a dismissal of the complaint. It was at this juncture that appellants first contested Mrs. Manley's individual liability for the attorney fees. The attorney for Mrs. Manley argued that she was entitled to a directed verdict or dismissal because there had been no evidence introduced to prove that she had retained Mr. McClung to represent her in her individual capacity. Appellee correctly noted that the face of the pleadings admitted this individual liability, and hence no proof was necessary. Resolution of appellants' contest of Mrs. Manley's personal liability and ruling on the motion for directed verdict was postponed when Judge Huffstetler recused himself from the case because he previously presided over a hearing involving the estate of Mrs. Manley's deceased husband.
Thereafter, on August 2, 1976, the Chief Judge, John W. Booth, assigned this case to the Honorable John W. McCormick. The entire plaintiff's case was transcribed and submitted to Judge McCormick. The case was then set for a continuation of the hearing before Judge McCormick on November 30, 1976. Judge McCormick had read the transcript of the hearing, including the argument on the motion for directed verdict, *157 and allowed the attorneys to re-argue the motion for directed verdict before him. It was at this time, after appellee had presented all his evidence at trial and more than eleven months after appellants filed their answer, that appellants first sought to amend their answer to deny that Mrs. Manley hired appellee to represent her in her individual capacity. The ground for such motion was that the answer mistakenly admitted such allegation.
After argument by counsel the court denied the motion to amend and stated his reason therefor as follows:
"... I think to allow you to amend, at this late date, during this hearing, places him in an untenable position of having to then come back in with evidence that changes his whole approach to the case, and I think that his law is good, and the motion is denied." (emphasis added)
It is well settled that an admission in a pleading is, as between the parties, accepted as fact without the need for supporting evidence. Sponholtz v. Sponholtz, 180 So.2d 497 (Fla.3d DCA 1965); Vann v. Hobbs, 197 So.2d 43 (Fla.2d DCA 1967).
Whether or not Mrs. Manley retained Mr. McClung to represent her individually was not an issue to be tried at the initial trial of the case which began on July 15, 1976. Obviously, Mr. McClung had not prepared himself to try that issue. Mrs. Manley filed her answer on December 11, 1975 and did not attempt to amend her answer as to this issue until the continuation of the hearing on November 30, 1976. Mrs. Manley had ample opportunity to move to amend at an early stage in the proceedings. She did not even move to amend after the plaintiff rested his case on July 15, 1976. Her sole argument at that time was for a directed verdict or dismissal of the complaint.
Mrs. Manley compounded the detriment to Mr. McClung by failing to attempt to amend the pleadings prior to the continued hearing, four months after the "issue" was first noted. Had Mrs. Manley properly raised the issue during this interim, then perhaps Mr. McClung would have been given a fair opportunity to discover, accumulate, and present evidence on the issue.
Mrs. Manley argues that Mr. McClung would not be prejudiced by this late amendment. From the record it is abundantly clear that if Mr. McClung had been faced with this issue prior to presenting his case and at least prior to the continuation of the trial on November 30, 1976, he could have presented evidence to show that Mrs. Manley and her corporation, as she refers to it throughout the record,[1] were acting as one and the same.
After a dispute arose as to the manner in which the attorney fees were to be paid, Mrs. Manley, as president of the corporation, on October 27, 1975, wrote Mr. McClung and in the letter stated:
"I came to you as any person would to an attorney, expecting you to protect my financial interest and to be properly compensated in a timely manner for your services." (emphasis added)
I thoroughly disagree with the statement in the majority opinion, "Though it is difficult for us to envision that Ms. Manley employed plaintiff on her own behalf as well as the corporation's, we realize that this possibility does exist."
It is not disputed that amendments to pleadings should be liberally granted; however, it is fundamental in the law that the trial court in ruling on a motion to amend exercises a sound judicial discretion. Whether the trial court grants or denies the motion, his judgment cannot be reversed without a showing of an abuse of sound judicial discretion. In Houston Texas Gas & Oil Corporation v. Hoeffner, 132 So.2d 38 (Fla.2d DCA 1961) this court stated the following on page 40:
"Under Rule 1.15(e), Florida Rules of Civil Procedure, 30 F.S.A., the trial judge is authorized to permit amendments in furtherance of justice at any time. However, in doing so he exercises a sound judicial discretion. His conclusion to permit *158 or refuse an amendment is measured by this standard and his judgment will not be disturbed in the absence of some demonstration that he has abused his discretion. In the instant case the trial judge gave numerous reasons for declining the amendment. After the trial had proceeded into the second day and in view of the fact that the appellant had had numerous opportunities to amend its petition in the early stages of the proceedings, long before the case came on for trial, the judge concluded that it would be unfair to the property owners to permit such substantial change in the middle of the trial. We can not find that he abused his discretion in so holding."
In Triax, Inc. v. City of Treasure Island, 208 So.2d 669 (Fla.2d DCA 1968), this court stated at page 670:
"Furthermore, while our courts are generally liberal in permitting the amendment of a pleading, this liberality gradually diminishes as the case progresses." [Citing United States v. State, 179 So.2d 890 (Fla.3d DCA 1965)]
For the foregoing reasons I am of the opinion that Mrs. Manley has not shown that the trial court abused its sound judicial discretion and, therefore, I respectfully dissent from that portion of the majority opinion that reverses the trial judge's denial of Mrs. Manley's motion to amend.
NOTES
[1] Mrs. Manley was the sole stockholder.