PER CURIAM.
We are presented with an appeal and a cross-appeal from a final judgment in which the trial judge found the existence of an easement for a way of necessity upon the property of the appellants, Armando B. Martinez and Esther B. Martinez, his wife. The fundamental question presented is whether the evidence was sufficient to establish a way of necessity under the law of the State of Florida. See Reyes v. Perez, 284 So.2d 493 (Fla. 4th DCA 1973); and Section 704.01, Florida Statutes (1973). In addition, both parties urge that the trial court erred in failing to grant to them damages.
The record reveals that this litigation over a right of access to the Martinez property has been in progress since 1974. The parties have, on occasion, resorted to self-help by the erection of barricades and the cutting of fences. The judgment in the present suit was entered after a non-jury trial, in which the court held that the Gior-danos had “an implied grant of way of necessity” over the Martinez property and that the Martinezes were permanently enjoined from blocking this right-of-way. It further held that neither party was entitled to damages.
Our review of the record reveals that the evidence fully substantiates the Giordanos’ claim and that appellant Martinezes’ point directed to the existence of a way of necessity does not present reversible error. In addition, we hold that appellants’ points claiming an error in the ruling on the evidence and in the allowing of a deposition to be introduced into evidence are without error.
In their cross-appeal, the appellee Giordanos urge that the court erred in not allowing damages to them for the wrongful withholding over a period of time of the right of access. It appears to us that the court correctly determined that neither party is entitled to damages inasmuch as this litigation was begun in 1974 and should, by prompt attention thereto, have been terminated long before the present judgment.
We, therefore, hold that neither party has shown error upon a denial of its prayer for damages. Cf. the principle of law in McMichael v. McMichael, 158 Fla. 413, 28 So.2d 692 (1947); Sahler v. Sahler, 154 Fla. 206, 17 So.2d 105, 107 (1944).
Accordingly, the final judgment is affirmed upon the appeal and the cross-appeal.