386 So.2d 11 (1980)
Marilyn L. MARSHALL, and Glenn Raymond Marshall, a Child, Appellants,
v.
Alexander J. MARSHALL, Jr., Appellee.
No. 79-732/T4-478.
District Court of Appeal of Florida, Fifth District.
June 11, 1980.
Rehearing Denied July 29, 1980.
Patrick M. Magill, Ocoee, for appellants.
Charles L. Steinberg, Orlando, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
Appellant, Marilyn L. Marshall, appeals a final judgment of dissolution of marriage from the Circuit Court for Orange County. Appellant raises as error the correctness of the court's finding of no obligation for support of a child whom the husband had formally acknowledged as his own, but who, in fact, was no blood relation.
We reverse.
In the petition for dissolution, the wife alleged that one child had been born of the marriage. In the husband's answer, he denied this and alleged that while he had signed certain papers which were filed with the Department of Health and Rehabilitation Services wherein he was shown to be the father of the wife's child, the papers were signed at the request of the wife so that the child would carry the same surname as husband and wife. He also alleged that the wife agreed, should anything happen to the marriage, she would not hold him legally responsible for the support of her child.
The "certain papers" which the husband signed for this purpose were an application for an amended birth certificate and an accompanying affidavit in which husband *12 and wife acknowledged that they were the natural parents. Based on these documents, an amended birth certificate was issued on which the husband was shown as the child's father. Neither party disputes that the affidavits were untrue and that the husband was not the natural father.
The conclusions of the trial judge, as well as the arguments of the parties, evidence a basic misconception of the issue involved. Both the parties and the judge viewed this proceeding as a contest between the husband and the wife. However, the real party in interest is the child. In matters of custody and support, the best interests of the child must control. For this reason, we feel that the trial judge erred in finding that the husband was under no duty of support and thus we reverse.
The doctrine of equitable estoppel precludes a person from maintaining inconsistent positions to the detriment of another. Phoenix Ins. Co. v. McQueen, 286 So.2d 570 (Fla. 1st DCA 1973); United Contractors, Inc. v. United Construction Corp., 187 So.2d 695 (Fla. 2d DCA 1966). Although the wife may not have suffered any detriment due to the actions of the husband, the position of the child was altered to his detriment by amending his birth certificate. For example, had the child claimed support from his natural father, the birth certificate showing another as the father could be used as a defense. Therefore, the child should be allowed to argue that the husband is estopped from denying his acknowledgment of paternity. And, even though the wife expressly promised not to seek support from the husband, her actions cannot be transferred to the child so as to defeat his claim.
In addition, the husband has made a false statement to the State of Florida concerning the paternity of the child and should not be afforded the aid of the court in avoiding his responsibilities. The courts will not assist a party in extricating himself from circumstances which he has created and will not assist in the perpetration of a fraud. See Marcel v. Marcel, 132 So.2d 210 (Fla. 2d DCA 1961); Hill v. Lummus, 123 So.2d 365 (Fla. 3d DCA 1960). Even assuming that the husband had not been guilty of any wrongdoing, as between two innocent parties, the one responsible for the situation should bear the loss. Joel Strickland Enterprises v. Atlantic Discount Co., 137 So.2d 627 (Fla. 1st DCA 1962); Parsley Brothers Const. Co. v. Humphrey, 136 So.2d 257 (Fla. 2d DCA 1962).
The party seeking equity should come with clean hands. If both parties have knowingly participated in the fraud, the court should leave them where it finds them. McMichael v. McMichael, 158 Fla. 413, 28 So.2d 692 (1947). Here, if the court leaves the parties where it found them, the husband remains for all purposes the natural father of this child; the child is legitimate and his welfare is served.
As noted above, the paramount concern is for the welfare of the child. The husband is presumed to have known the legal consequences of his actions. Since parents are legally obligated to support their minor children, the husband accepted this support obligation by acknowledging paternity. A change in parenthood should not be taken lightly nor should the "parent" be able to so easily divest himself of all responsibility upon the termination of the marriage. As Judge Walden noted in his dissent in Taylor v. Taylor, 279 So.2d 364, 370 (Fla. 4th DCA 1973):
When the legitimacy and support of a child rests unilaterally in the hands and at the whim of the husband, a child's world would never be safe. His standing and status would be a day by day thing with the child powerless in the premise and the whole decision all the days of the child's life would be in jeopardy.
We agree with the concern expressed by Judge Walden. We feel that in this instance, the best interests of the child would not be served by allowing the husband, now that he has the benefit of five years of hindsight, to so easily avoid the consequences of his actions.
*13 We REVERSE and REMAND to the trial court with directions to award child support.
ORFINGER, J., and MELVIN, WOODROW M., Associate Judge, concur.