490 So.2d 237 (1986)
Jule E. SCHMIDT and Ann L. Schmidt, His Wife, Appellant,
v.
Herbert MATILSKY, Appellee.
No. BI-300.
District Court of Appeal of Florida, First District.
June 27, 1986.
*238 William C. Andrews of Scruggs & Carmichael, P.A., Gainesville, for appellant.
Peter K. Sieg of Sieg, Comfort, Hawk & Castello, Gainesville, for appellee.
WILLIS, BEN C. (Ret.), Associate Judge.
This is an appeal from a final judgment granting specific performance of a contract to Matilsky, the plaintiff below. The Schmidts contend the trial court erred in finding an option to purchase property owned by them in the entireties was valid when it was signed by only one spouse. We disagree and affirm.
Jule and Ann Schmidt acquired title as husband and wife to approximately 380 acres in 1956 as an estate by the entireties. Their home is on this property.
In August of 1979, they sold a portion of this property to Herbert Matilsky for business usage. Thereafter, in the early fall of 1981 Matilsky negotiated a lease and option to purchase an additional parcel of property from Mr. Schmidt. An oral agreement was reached between the two men, and in reliance thereon Matilsky expended $5,800 erecting a fence along the boundary of the property and constructing a bridge to connect it with the property already in his ownership.
On or about 1 May 1982, Mr. Schmidt entered into a written lease with an option to purchase with Matilsky for the subject property. This agreement was not signed by Mrs. Schmidt, although it was executed in her presence.
Subsequently, the Schmidts refused to sell the property to Matilsky, who then brought suit to enforce the option to purchase. On 6 August 1985, a final judgment was entered finding that Matilsky was entitled to specific performance by the Schmidts. This timely appeal followed.
It is well established law in Florida that a husband and wife owning property in an estate by the entireties must join in any conveyance thereof. Parrish v. Swearington, 379 So.2d 185 (Fla. 1st DCA 1980). However, this rule that an estate by the entireties can only be alienated by the joint deed of both spouses is subject to the exception that such alienation may take place if in the transaction one spouse, with full knowledge, constitutes the other spouse as his or her agent and acquiesces to the act of alienation by the agent spouse. Before such an exception is applicable to effectuate a transfer by only one spouse, the evidence must be clear and convincing that such a transfer (1) does not adversely affect the interest of the other spouse and (2) is done with the full knowledge, assent and acquiescence of such other spouse. Murray v. Sullivan, 376 So.2d 886 (Fla. 1st DCA 1979).
In the present case, there is clear, definite and certain evidence that Mrs. Schmidt had full knowledge of the option to purchase in favor of Matilsky in the form of testimony by three independent witnesses who placed Mrs. Schmidt in their presence when the option agreement was signed. These witnesses also stated that Mrs. Schmidt acquiesced to the transaction by failing to object to the agreement after it was read aloud in her presence.
Moreover, the evidence at bar demonstrates that a transfer of the property in question would not adversely affect Mrs. Schmidt's interest in it. The purchase price of the property was set as $6,000 per acre, although the unrebutted evidence at trial was that the property's fair market *239 value at the time of the agreement was $4,500 per acre.
Accordingly, we find the facts of this case establish an exception to the general rule and uphold the trial court's order of specific performance. We have examined the remaining point urged by the Schmidts and find it to be without merit.
Affirmed.
NIMMONS and WENTWORTH, JJ., concur.