In re Armando Enrique MUNOZ and Daysi Celia Munoz, Debtors.

Armando Enrique MUNOZ and Daysi Celia Munoz, Plaintiffs,

v.

NEW METROPOLITAN FEDERAL SAVINGS & LOAN ASSOCIATION, Defendant.

Bankruptcy No. 87–01886–BKC–AJC.
Adv. No. 87–0372–BKC–AJC–A.

United States Bankruptcy Court, S.D. Florida.

Nov. 6, 1987.

Robert A. Mark, Miami, Fla., for debtors-plaintiffs.

R. Hugh Lumpkin, Miami, Fla., for defendant New Metropolitan Fed. Sav. & Loan Ass'n.

Alex Ferrar, Miami, Fla., for Centrust Sav. Bank.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

A. JAY CRISTOL, Bankruptcy Judge.

This matter came before the Court for trial on August 25, 1987 on Debtors' Com-

plaint to Determine Amount and Validity of Alleged Interest in Note Proceeds. At issue is the alleged interest of New Metropolitan Federal Savings & Loan Association formerly known as Metropolitan Savings and Loan Association ("Metropolitan") in property of the estate consisting of proceeds from the payment of a promissory note in favor of the Debtors.

The Court having considered the record including the evidence, testimony of live witnesses and arguments presented at trial, finds for the Debtors, and in furtherance thereof, enters the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

1. The Plaintiff Debtors filed a voluntary petition under chapter 11 of the Bankruptcy Code in this Court on June 1, 1987 ("Filing Date").

2. Defendant Metropolitan is a creditor in this chapter 11 proceeding holding both secured and unsecured claims against the Debtors.

3. Among the assets which constituted property of the Debtors' estate at the Filing Date was a portion of Forty–One Thousand Three Hundred Eighty–Two Dollars and Seventy–One Cents ($41,382.71) held in trust by Debtors' counsel. This sum represented the proceeds of a promissory note (the "Erskine Note") executed by Erskine Florida Properties, Inc. ("Erskine") on March 16, 1984, in favor of Armando E. Munoz and Daysi C. Munoz, husband and wife. These proceeds which form the subject matter of the dispute are referred to hereinafter as the "Erskine Proceeds."

4. Erskine paid the Note in full on or about May 29, 1987. The Erskine Proceeds were initially retained in trust by Debtors' counsel and thereafter deposited in Debtors' debtor-in-possession account. Debtors agreed not to disburse the funds until Metropolitan's claim was resolved.

5. Metropolitan claims an interest in the Erskine Proceeds by virtue of an alleged assignment of the Erskine Note as collateral for payment of a promissory note executed on January 2, 1985 by Armando Mu-

noz in favor of Metropolitan in the principal amount of $28,009.73 (the "Metropolitan Note").

6. Metropolitan presented no testimony to support the alleged assignment. Its claim was based upon (i) language in the Metropolitan Note which listed "Assignment of Note" in the security section of the document and (ii) possession of the original Erskine Note which it received from Debtors' counsel as an enclosure to a transmittal letter dated January 28, 1985.

7. The language on the Metropolitan note "Assignment of Note" is ambiguous since it does not specifically identify the Erskine Note.

8. The "Security Interest" section of the Metropolitan Note provides space for a specific description of the collateral pledged "if there is no separate security agreement." That section of the Metropolitan Note is blank and Metropolitan presented no evidence of a separate security agreement.

9. Metropolitan argued that transmittal of the original Erskine Note evidenced a security agreement. However, the transmittal letter simply read "Per the request of Mr. Munoz, I am enclosing herein the original promissory note executed by R. James Erskine ..." The transmittal letter is therefore ambiguous as to the purpose of the transmittal.

10. Mr. Munoz testified at trial and denied that the Erskine Note was sent to Metropolitan to secure the Metropolitan Note. Rather, he testified that the note was sent in contemplation of an agreement between the parties to refinance both Mr. Munoz' unsecured obligation and the Debtors' obligations pursuant to a note and second mortgage on their house. This contemplated refinancing agreement never reached fruition.

11. Mr. Munoz' testimony was credible and the Court has no reason to disbelieve him particularly in the absence of any opposition testimony by Metropolitan.

12. Even if the Court found that Mr. Munoz intended to pledge the Erskine Note to secure his obligations under the Metro-

politan Note, there is no evidence that Mrs. Munoz ever executed any documents assigning her interest in the Erskine Note or evidence that she otherwise consented to the assignment.

13. Mrs. Munoz did not sign the Metropolitan Note and neither Mr. nor Mrs. Munoz endorsed the Erskine Note to Metropolitan.

14. Metropolitan's counsel argued that Mrs. Munoz implicitly consented to the alleged assignment since she knew her husband was negotiating with the bank.

15. The Court was not persuaded. Mrs. Munoz specifically denied any intention or agreement to assign or turn over her interest in the Erskine Note to Metropolitan. She may or may have not known that her husband was involved in negotiations with the bank but knowledge of negotiations and signing away an interest in property are two different issues and one does not include the other. Metropolitan presented no evidence establishing that Mrs. Munoz explicitly or implicitly assigned her rights or that she consented or acquiesced to any alleged assignment.

16. The Metropolitan Note was executed solely by Mr. Munoz and there was no evidence that Mrs. Munoz received any portion of the loan monies evidenced by that note. Therefore, no consideration flowed from Metropolitan to Mrs. Munoz to support an alleged assignment by Mrs. Munoz to secure her husband's obligation.

## CONCLUSIONS OF LAW

17. The Court has jurisdiction to resolve this dispute pursuant to 28 U.S.C. § 157 and § 1334.

18. The three requisites to the existence of a security interest are (1) an agreement, (2) the giving of value and (3) the debtors' rights in the collateral. *Hartzog v. Dixon,* 366 So.2d 848 (Fla. 1st DCA 1979). Metropolitan failed to establish these elements in claiming a security interest in the Erskine Note.

19. First, Metropolitan failed to prove the existence of a security agreement. The ambiguous reference to "As-signment of Note" in the Metropolitan Note was insufficient where (i) there was no separate agreement identifying the collateral and (ii) the note form provided space for a specific description of the collateral if there was no separate security agreement and that space was left blank.

20. Delivery of the Erskine Note to Metropolitan in the absence of any express language pledging the note did not constitute proof of a security agreement. Possession may have been sufficient to perfect a security interest if there was a valid agreement but possession alone did not establish the existence of the required security agreement. The Erskine Note was not endorsed to Metropolitan and the unrebutted testimony established no intention to assign the note to Metropolitan.

21. With respect to Mrs. Munoz, there was no consideration which flowed to her in connection with the Metropolitan Note and therefore she received no value to support the alleged assignment.

22. Finally, even if the Court held that the Metropolitan Note constituted a security agreement, the agreement was solely by Mr. Munoz and unenforceable as a purported assignment of a note payable to Mr. and Mrs. Munoz as husband and wife.

23. The Erskine Note is entireties property since it belonged to the debtors as husband and wife. *Suggs v. Estate of Suggs,* 405 So.2d 1360 (Fla. 5th DCA 1981); *Losey v. Losey,* 221 So.2d 417 (Fla.1969); *Witlin v. Witlin,* 153 So.2d 70 (Fla. 3rd DCA 1963); *Lauderdale v. Lauderdale,* 96 So.2d 663 (Fla. 3rd DCA 1957).

24. As entireties property, the Erskine Note could not be alienated, assigned, encumbered or transferred by Armando alone. Any such assignment was void and of no force and effect since Mr. Munoz had no interest in the Erskine Note as entireties property separate and apart from his wife. *Douglass v. Jones,* 422 So.2d 352 (Fla. 5th DCA 1982); *Murray v. Sullivan,* 376 So.2d 886 (Fla. 1st DCA 1979); *Walker v. Walker,* 336 So.2d 1259 (Fla. 2nd DCA 1976), *Burke v. Coons,* 136 So.2d 235 (Fla. 2nd DCA 1961). Therefore, even if Arman-

do Munoz intended to assign the Erskine Note to Metropolitan, he could not have done so without his wife joining in the assignment.

25. An exception to the general rule requiring both spouses to join in a pledge of entireties property has been recognized under Florida law if "in the transaction one spouse, with full knowledge, constitutes the other spouse as his or her agent and acquiesces to the act of alienation by the agent spouse." *Schmidt v. Matilsky,* 490 So.2d 237 (Fla. 1st DCA 1986).

26. Metropolitan's argument that this exception applies here is unsupported by the evidence. For the exception to apply, the evidence must be clear and convincing that the transfer by the one spouse was done "with the full knowledge, assent and acquiescence of such other spouse," *Schmidt v. Matilsky, supra,* 490 So.2d at 238 *citing Murray v. Sullivan,* 376 So.2d 886 (Fla. 1st DCA 1979).

27. In this case, there was no evidence of knowledge, assent or acquiescence by Mrs. Munoz. The unrefuted evidence was to the contrary.

28. In the absence of consideration for any pledge of her interest in the Note and in the absence of proof that Mrs. Munoz assigned, intended to assign, or acquiesced in any alleged assignment of the Note by her husband, Metropolitan could not have obtained and, as a matter of law, does not have a security interest in the Note.

29. The defenses of estoppel and waiver raised by Metropolitan are without merit. There was no evidence to support Metropolitan's claim that debtors induced Metropolitan to execute the Metropolitan Note by assigning the Erskine Note.

30. Metropolitan's defense based upon the parol evidence rule is also without merit. The reference to "Assignment of Note" on the Metropolitan Note was ambiguous and subject to parol evidence. Moreover, as described above, even if the Court found that the Metropolitan Note unambiguously referred to the Erskine Note, the result would be the same.

31. Finally, Metropolitan's statute of frauds defense is rejected. The Debtors' case did not rest upon enforcement of any oral agreements.

32. As required by Bankruptcy Rule 9021(a), a separate judgment will be entered in favor of Debtors.

### FINAL JUDGMENT

This matter came before the Court on a complaint to determine the amount and validity of New Metropolitan Federal Savings & Loan Association's ("Metropolitan") alleged interest in promissory note proceeds. Metropolitan filed a counterclaim seeking to establish and enforce its alleged interest in the proceeds. For the reasons stated in the Findings of Fact and Conclusions of Law entered this day, it is—

ORDERED AND ADJUDGED as follows:

1. Final Judgment is hereby entered in favor of the Debtors Armando Enrique Munoz and Daysi Celia Munoz and against Metropolitan on the Complaint and Counterclaim.

2. Metropolitan has no valid lien against or interest in the Erskine note proceeds at issue in the complaint.

3. The Erskine Note Proceeds are property of the Debtors' estate free and clear of any and all liens, claims, interests or encumbrances of every kind, nature and description which have been or could have been asserted by Metropolitan.

4. Costs may be taxed in favor of the Debtors upon separate motion.