KLEIN, J.
Countrywide initiated this mortgage foreclosure against Kim, asserting that the prior owners, a married couple, had executed a mortgage in favor of Countrywide which was in default. Because Countrywide had inadvertently failed to obtain the wife’s signature on the mortgage, the trial court held that the mortgage was void as a matter of law. We reverse.
The owners of the property prior to Kim were Michael and Tricia Abdulahad, husband and wife. The facts as reflected by the record, when the trial court entered this summary judgment, showed that when the mortgage was executed, the property was owned by Michael and Tricia, as tenants by the entirety, but the mortgage was signed only by Michael. The fact that Tricia had not signed the mortgage was due solely to inadvertence, as she attended *251 the closing, knew that the proceeds of the mortgage were being used to pay for the property, and would have signed the mortgage if requested to do so. She assumed the mortgage would be paid from the proceeds of the sale to Kim.
When Kim purchased from Michael and Tricia, through further inadvertence, the mortgage to Countrywide was not paid off or satisfied and, when it went into default, Countrywide filed this foreclosure suit.
Countrywide relies on Schmidt v. Matilsky, 490 So.2d 237 (Fla. 1st DCA 1986) to support its argument that the mortgage is valid even though Tricia neglected to sign it. In Schmidt the husband signed an option to sell land in the presence of his wife, and the court upheld the option against the wife, who had not signed, because her husband signed with her knowledge and assent. Accord, Douglass v. Jones, 422 So.2d 352 (Fla. 5th DCA 1982) (wife did not acquiesce). See also Smith v. Royal Auto. Group, 675 So.2d 144 (Fla. 5th DCA 1996) (missing signature to a contract can be supplied by the courts through reformation); Spear v. MacDonald, 67 So.2d 630 (Fla.1953) (reformation should be applied to correct deed and mortgage containing wrong legal description due to surveyor’s errors).
This mortgage is accordingly not void, and the summary judgment is reversed.
GROSS and MAY, JJ., concur.