PER CURIAM.
 

 This appeal, brought by the Hirchert Family Trust (“Trust”), involves residential property situated in Florida that is owned by the Appellee, Johnee Ann Alie Hirchert. The property is subject both to a constructive trust imposed by a California court via a judgment that was domesticated here (the “California Judgment”) and to certain postjudgment orders of the California court directing the transfer of the property to a receiver. The Trust contends that a Final Judgment rendered by a Florida court finding that the Trust was not permitted to use the California Judgment and post-judgment orders to force the sale of the residential property is erroneous and should be reversed. The specific issues we must resolve are whether the Florida court: 1) erred as a matter of law by failing to accord full faith and credit to the California Judgment, the postjudgment orders, and a quitclaim deed executed under the direction of the California court; and 2) erred as a matter of law in finding that an equitable exception to Florida’s homestead exemption under article X, section 4 of the Florida Constitution was inapplicable.
 

 Richard Hirchert and his first wife, Edith, lived in California. There, they created the Trust in 1992. It provided that upon the death of the first spouse, their assets, which included their marital home in California (the Original Marital Home), would be divided into a Survivor’s Trust and a Residuary Trust. Edith died in 1996, and pursuant to the Trust, the marital home was divided between the two Trusts: 75% was placed in the Residuary Trust and the remaining 25% was placed in the Survivor’s Trust. Richard became the sole Trustee of both the Survivor’s Trust and the Residuary Trust. The Trust provided that Richard was immediately entitled to both the principal and earnings of the Survivor’s Trust, but he was only permitted to access the earnings of the Residuary Trust. Richard was not authorized to withdraw the principal from the Residuary Trust until his assets were fully dissipated.
 

 
 *550
 
 Richard married Appellee in 1998 and conveyed title to the Original Marital Home from the Residuary Trust to himself, without satisfying the requirement that his assets be fully dissipated. Richard sold the Original Marital Home and used the proceeds to purchase a new home with Appellee. Richard and Appellee subsequently sold that property and bought another home, “Whispering Meadows,” in California as joint tenants. Shortly after Richard died in 2003, Appellee sold Whispering Meadows for $775,000 and used the proceeds from this sale to purchase a home in Kissimmee, Florida (the “Kissim-mee Property”).
 

 The Successor Trustee of the Residuary Trust subsequently discovered Richard’s misappropriation of the Original Marital Home from the Residuary Trust and instituted suit in California against Appellee to require her to convey to the Residuary Trust 75% of the proceeds that Richard obtained from the sale of the Original Marital Home. Appellee fully participated in this suit, which went to trial in California. The California court found that Richard breached his fiduciary duty as Trustee by conveying title to the Original Marital Home from the Residuary Trust to himself. The court further determined that the Residuary Trust’s share of the proceeds, $431,422, was traceable to the Kis-simmee Property. Accordingly, the court, as part of the California Judgment, imposed a constructive trust over the Kissim-mee Property in favor of the Residuary Trust. Under the terms of the California Judgment, Appellee is prohibited “from selling, mortgaging, hypothecating or otherwise transferring title to [the Kissimmee Property]” unless she pledges appropriate security for, or satisfies the constructive trust. The California court retained jurisdiction to enter orders enforcing its judgment. Appellee did not appeal the California Judgment.
 

 A Florida trial court, over Appellee’s objection, subsequently entered an order domesticating the California Judgment in Florida. The court declined to rule on Appellee’s homestead argument because the California Judgment did not order a change in ownership of the Kissimmee Property. On appeal, this court affirmed the domestication order, but remanded the case to the trial court to determine whether the Kissimmee Property is a protected homestead and what legal affect the California Judgment has on the Kissimmee Property.
 
 Hirchert v. Hirchert Family Trust,
 
 988 So.2d 63 (Fla. 5th DCA 2008).
 

 Subsequent to that appeal, but before the proceedings on remand were instituted in the Florida court, the California court entered a postjudgment order (“Post-judgment Order”) that is in essence a mandatory injunction requiring Appellee to convey the Kissimmee Property to a court-appointed Receiver, who was instructed to sell the property. When Appellee failed to comply with the injunction, the California court had a quitclaim deed (“Quitclaim Deed”) executed on Appellee’s behalf in favor of the Receiver.
 

 The Postjudgment Order and the Quitclaim Deed were stipulated into evidence for the Florida trial court to consider as part of the proceedings on remand. At the conclusion of those proceedings, the trial court rendered the judgment we now review holding that the California Judgment is entitled to full faith and credit in the State of Florida. However, regarding the Postjudgment Order requiring Appel-lee to convey the property to a receiver and the execution of the Quitclaim Deed, the court held that the Kissimmee Property is a protected homestead under article X, section 4 of the Florida Constitution and, therefore, cannot be sold or conveyed without Appellee’s consent.
 

 
 *551
 
 We do not believe that the Quitclaim Deed is entitled to full faith and credit because the California court did not have in rem jurisdiction over the property. However, the California court did have jurisdiction over Appellee and, therefore, the Postjudgment Order establishing a mandatory injunction requiring Appellee to convey the Kissimmee Property is entitled to full faith and credit.
 
 See Robertson v. Howard,
 
 229 U.S. 254, 261, 38 S.Ct. 854, 57 L.Ed. 1174 (1913) (“[I]t may not be doubted that a court of equity in one state in a proper case could compel a defendant before it to convey property situated in another state.” (citing
 
 Fall v. Eastin,
 
 215 U.S. 1, 8, 30 S.Ct. 3, 54 L.Ed. 65 (1909)));
 
 Fall v. Eastin,
 
 215 U.S. 1, 11-12, 30 S.Ct. 3, 54 L.Ed. 65 (1909) (holding that a court of equity can order a person over which it has jurisdiction to convey title to real property located in another state, but the court cannot itself transfer title because it does not have jurisdiction over such real property);
 
 Gardiner v. Gardiner,
 
 705 So.2d 1018, 1020 (Fla. 5th DCA 1998) (holding that a New York court had jurisdiction to a order a property owner to execute a quitclaim deed for property located in Florida);
 
 Hammond v. DSY Developers, LEG,
 
 951 So.2d 985 (Fla. 3d DCA 2007) (holding that a trial court outside of the circuit in which the subject property was located could order specific performance of a contract for sale of that land; but holding the portion of the order purporting to transfer title to that property unenforceable);
 
 Farley v. Farley,
 
 790 So.2d 574, 575 (Fla. 4th DCA 2001) (holding that an out-of-state order to sell real property located in Florida was not entitled to full faith and credit because enforcement requires the application of in rem jurisdiction; but noting that an out-of-state order directing one litigant to convey title to another would be entitled to full faith and credit (citing
 
 Sammons v. Sammons,
 
 479 So.2d 223, 225 (Fla. 3d DCA 1985);
 
 Gardiner)); Dusesoi v. Dusesoi,
 
 498 So.2d 1348, 1350 (Fla. 2d. DCA 1986) (holding that a decree from a foreign state purporting to award title to real property located in Florida was not entitled to full faith and credit; but stating in dictum that the portion of that decree ordering conveyance of the title “appears to be entitled to full faith and credit”).
 

 The trial court did not enforce the mandatory injunction based on its conclusion that article X, section 4 of the Florida Constitution prohibited the Trust from forcing the sale of the Kissimmee property while it remains Appellee’s homestead.
 
 [1]
 
 Hence, we turn to the second issue: whether an equitable exception applies to lift the veil of protection provided by the homestead exemption.
 

 The courts recognize an exception to the homestead protection if the property was acquired with funds generated by fraudulent activity and a constructive trust is necessary to prevent unjust enrichment.
 
 See, e.g., LaBelle v. LaBelle,
 
 624 So.2d 741, 742 (Fla. 5th DCA 1993) (stating, “[T]he protection[s] afforded by Article X, Section 4 of the Florida Constitution ... do not apply to properties which are purchased with fraudulently obtained, traceable proceeds and which are, therefore, subject to the imposition of a constructive trust.”);
 
 see also Zureikat v. Shaibani,
 
 944 So.2d
 
 *552
 
 1019, 1024 (Fla. 5th DCA 2006) (affirming an equitable lien placed on a homestead where proceeds obtained from fraudulent or reprehensible conduct were used to invest in, purchase, or improve the homestead (citing,
 
 inter alia, Havoco of Am., Ltd. v. Hill,
 
 790 So.2d 1018 (Fla.2001)));
 
 In re Fin. Federated Title & Trust, Inc.,
 
 347 F.3d 880, 881 (11th Cir.2003) (holding that the Florida Constitution does not protect a homestead purchased with fraudulently obtained funds from an equitable lien
 
 or constructive
 
 trust). The exception to homestead protection applies even “where funds obtained through one spouse’s fraud are used to invest in, purchase, or improve the homestead ... despite the other spouse’s innocence or ignorance of wrongdoing.”
 
 Zureikat,
 
 944 So.2d at 1024 (citing
 
 Palm Beach Savings & Loan Ass’n v. Fishbein,
 
 619 So.2d 267 (Fla.1993)).
 

 Contrary to the trial court’s conclusion, we believe that a breach of fiduciary duty is “constructive fraud” and thus may form the basis to apply the exception to the homestead protection. As this court explained in
 
 First Union National Bank of Florida v. Whitener,
 
 715 So.2d 979, 982 (Fla. 5th DCA 1998):
 

 Constructive fraud is the term typically applied where a duty under a confidential or fiduciary relationship has been abused, or where an unconscionable advantage has been taken. Constructive fraud may be based on misrepresentation or concealment, or the fraud may consist of taking an improper advantage of the fiduciary relationship at the expense of the confiding party.
 

 In
 
 Allie v. Ionata,
 
 466 So.2d 1108, 1110 (Fla. 5th DCA 1985), this court further explained:
 

 Florida courts have recognized that constructive fraud may exist independently of an intent to defraud. It is a term which is applied to a great variety of transactions that equity regards as •wrongful, to which it attributes the same or similar effects of those that follow from actual fraud and
 
 for which it gives the same or similar relief.
 

 (Emphasis added).
 

 Moreover, the Florida Supreme Court has affirmed equitable liens on homes that qualify as homestead property to prevent unjust enrichment.
 
 See, e.g., Fishbein,
 
 619 So.2d at 270 (“[I]t is apparent that where equity demands it this Court has not hesitated to permit equitable liens to be imposed on homesteads beyond the literal language of article X, section 4.... [Tjhere was no fraud involved in either
 
 La Mar [v. Lechlider,
 
 135 Fla. 703, 185 So. 833 (1939) ] or
 
 Sonneman [v. Tuszynski,
 
 139 Fla. 824, 191 So. 18 (1939) ]. In those cases, the equitable liens were imposed to prevent unjust enrichment.”);
 
 La Mar v. Lechlider,
 
 135 Fla. 703, 185 So. 833, 836 (1939) (affirmed equitable lien where defendants refused to give the plaintiffs an interest in their homestead, as promised, in exchange for improvements plaintiffs made to the homestead property);
 
 Craven v. Hartley,
 
 102 Fla. 282, 135 So. 899, 901 (1931) (equitable lien appropriate where homeowner borrowed money from lender to purchase property but failed to execute a mortgage in lender’s favor as promised).
 

 We conclude that institution of a constructive trust and/or the placement of an equitable lien over the Kissimmee Property, as the California court did based on Richard Hirchert’s constructive fraud emanating from his breach of fiduciary duty, fits within the equitable exception to the homestead protections afforded by the Florida Constitution. Accordingly, although we hold that the Quitclaim Deed is not entitled to full faith and credit, we nevertheless hold that the trial court’s order, to the extent it implies that the Cali
 
 *553
 
 fornia court lacks the authority to enforce the order enjoining Appellee to convey the Kissimmee Property, is reversed and this case is remanded to the trial court with instructions to enforce the injunction to convey title to the Kissimmee Property out of comity with California.
 

 REVERSED and REMANDED.
 

 SAWAYA, ORFINGER and JACOBUS, JJ., concur.
 

 [1]
 

 . Florida’s homestead exemption provides:
 

 There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, except for the payment of taxes and assessments thereon, obligations contracted for the purchase, improvement or repair thereof, or obligations contracted for house, field or other labor performed on the realty, the following property owned by a natural person ....
 

 Art. X, § 4(a)(1), Fla. Const.