CONNER, J.
Steven and Nicole Spikes (collectively “the Spikes”) appeal the final order imposing an equitable subrogation lien on their homestead and granting foreclosure of the lien. OneWest Bank FSB (“OneWest”) cross-appeals the trial court’s denial of its request to impose and foreclose an equitable vendor’s hen in the amount of the purchase money loan used to acquire the homestead. We affirm the imposition and foreclosure of the equitable subrogation lien, but reverse the denial of the imposition and foreclosure of an equitable vendor’s lien.
Steven Spikes was loaned funds to purchase a house which became his homestead. In exchange, he executed a pur *477 chase money note and mortgage. His wife, Nicole Spikes, was present during the signing of the documents and admitted that she would have signed each; however, she was not asked to join in the mortgage because of a mistake or inadvertence by the closing agent.[1] Nicole thought her name was put on the deed; however, the property was conveyed to Steven with the indication that he was a married man. The money from Steven’s loan was paid to satisfy two existing mortgages on the property given by the previous owners and the rest was paid to the previous owners.
Because Steven defaulted on his payment, OneWest began a foreclosure action against him. Subsequently, an amended complaint was filed, seeking equitable relief against both Steven and Nicole in the form of imposition and foreclosure of an equitable vendor’s lien for the full amount of the loan or, alternatively, imposition and foreclosure of a subrogation lien in the amount of the prior mortgages satisfied at closing.
The trial court granted final judgment, awarding OneWest an equitable subrogation lien in an amount equal to the prior mortgages, but stating OneWest was entitled to an equitable lien for the same amount.[2] Implicitly, the trial court declined to award an equitable lien for the full amount of the purchase money loan. It further held that the equitable subrogation lien is superior to any interest of the Spikes and granted foreclosure of the equitable subrogation lien.
Although it was not argued before the trial court or on appeal, we first observe that we have previously held that the inadvertent failure to obtain a wife’s signature on a mortgage when the wife attended the loan closing, knew the proceeds of the mortgage were being used to pay for the property, and would have signed the mortgage if requested to do so, does not preclude foreclosure of the mortgage upon default. Countrywide Home Loans, Inc. v. Kim, 898 So.2d 250 (Fla. 4th DCA 2005). However, since the holding of Kim was not addressed, we proceed with reviewing what was decided by the trial court.
On appeal, the Spikes argue that because neither of them engaged in fraudulent or egregious conduct, the imposition of either an equitable subrogation lien or an equitable vendor’s lien was improper, as well as granting foreclosure. The Spikes further argue that because Nicole did nothing wrong and did not waive homestead protection, it was improper to grant foreclosure of her marital interest in the property. OneWest argues that neither an equitable subrogation lien nor an equitable vendor’s lien requires fraudulent or egregious conduct. As to the subrogation lien, OneWest argues the homestead status of the property does not protect against foreclosure because the lien for the mortgages satisfied at closing existed prior to homestead status attaching to the property. On cross-appeal, OneWest argues the trial court erred by refusing to award an equitable vendor’s lien for the full amount of the purchase money loan and failing to grant foreclosure of the equitable vendor’s lien.
We affirm without further discussion the trial court granting an equitable subrogation lien and allowing foreclosure of that lien.
*478 Generally speaking, an equitable lien is a right granted by a court of equity, arising by reason of the conduct of the parties affected that would entitle one party as a matter of equity to proceed against certain property. Della Ratta v. Della Ratta, 927 So.2d 1055, 1059 (Fla. 4th DCA 2006). Included within the class of equitable liens is an equitable vendor’s lien. Moss v. Sperry, 140 Fla. 301, 191 So. 531 (1939); Edelson v. Quinn, 123 Fla. 670, 167 So. 535 (1936). An equitable vendor’s lien is an implied hen belonging to the vendor for the purchase price of land; the lien does not result from an agreement, but is given by implication of law as an incident to the debt, enforceable in equity. Golden v. Woodward, 15 So.3d 664, 669 (Fla. 1st DCA 2009). A third party who advances the purchase price is entitled to an equitable vendor’s lien. See Craven v. Hartley, 102 Fla. 282, 135 So. 899 (1931).
In this case, all of the money loaned to Steven was used to pay the purchase price of the property.[3] If the mortgage hen is ineffective due to the nonjoinder of Nicole Spikes, we are satisfied that OneWest is entitled to an equitable vendor’s hen on the property. We now turn to the contention that the homestead status of the property precludes foreclosure of the equitable vendor’s hen.
The Florida Constitution granting homestead protection does not preclude foreclosure of an equitable vendor’s hen. Article X, Section 4(a), Florida Constitution provides:
(a) There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a hen thereon, except for the payment of taxes and assessments thereon, obligations contracted for the purchase, improvement or repair thereof, or obligations contracted for house, field or other labor performed on the realty, the following property owned by a natural person:
(1) a homestead....
“The purpose of the homestead exemption provision in our state constitution is to protect the family home from forced sale for the debts of the owner and head of the family.” Tullis v. Tullis, 360 So.2d 375, 377 (Fla.1978). The provision which creates the homestead exemption lists three exceptions. The loan Steve secured to purchase the property was clearly an “obligation[] contracted for the purchase” of the property that became his homestead. Thus, the language of the constitution precludes Steven from raising homestead protection from foreclosure upon his failure to pay on the purchase money mortgage.
Nicole, as Steven’s spouse when the home was purchased and a resident in the home, has a marital interest in the home. § 61.075(6)(a)l.a., Fla. Stat. (2011). Nicole can claim a homestead exemption to the forced sale of her beneficial (marital) interest. See Bessemer Props., Inc. v. Gamble, 158 Fla. 38, 27 So.2d 832, 833 (1946) (“any beneficial interest in land [can give] the claimant a right to exempt it as [ ] homestead”). Thus, we are left to decide whether the exception from forced sale protection for obligations contracted for the purchase of the homestead applies to her beneficial interest. Coy v. Mango Bay Prop. & Invs., Inc., 963 So.2d 873 (Fla. 4th DCA 2007) (husband was entitled to determination as to whether he had a homestead protection from forced sale even though the title to the home was in wife’s name alone).
*479 Generally, when an equitable lien is imposed on a homestead purchased with fraudulently obtained funds, the homestead exemption from forced sale does not apply to either spouse, even if one spouse is innocent or ignorant of wrongdoing. See Hirchert Family Trust v. Hirchert, 65 So.3d 548, 551 (Fla. 5th DCA 2011). Equitable liens have been imposed on homestead property to prevent unjust enrichment. See Palm Beach Sav. & Loan Ass’n v. Fishbein, 619 So.2d 267, 270 (Fla. 1993); Hirchert, 65 So.3d at 552. If equity allows the innocent spouse to lose the protection of homestead when her spouse fraudulently obtains the funds to purchase the homestead, and equity will not protect the innocent spouse who will be unjustly enriched by the loan proceeds, then equity will not protect the innocent spouse from forced sale who attends the closing for a legitimate purchase money loan obtained by her husband, especially when she is willing to sign on the mortgage if asked. Moreover, to allow Nicole to avail herself of the homestead protection in this case would grant a non-owner spouse greater homestead protection than the spouse who owned the property. As we see it, the three exceptions to homestead protection carved out in the constitution apply to the non-owner spouse to the same extent they apply to the owner spouse.
We conclude that the trial court erred by granting only a subrogation lien in the amount of the previous mortgages. An equitable vendor’s lien should have been granted for the full amount of the loan that was invested into the property (less any payments made). Further, we hold that a non-owner spouse cannot claim homestead exemption against an equitable lien imposed for a purchase money mortgage, regardless of whether the lien was imposed for fraud. Thus, we reverse and remand to the trial court to enter judgment granting an equitable vendor’s lien for the full amount of the loan, less payments received, and permitting foreclosure.
GROSS and HAZOURI, JJ, concur.

. According to the pre-trial stipulation of the parties, Nicole was not included on the note because her credit score was purportedly too low.

. Although the trial court did not use the term "equitable vendor's lien,” we construe the final judgment to mean that.

. The prior owners used part of the purchase price to pay off two existing mortgages, which in turn gave rise to the equitable subrogation lien.