DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TREVOR BROWN,** individually and as personal representative of the
**ESTATE OF LETICIA BROWN,**
Appellant,

v.

**TOWD POINT MORTGAGE TRUST 2017-6, U.S. BANK NATIONAL
ASSOCIATION, AS INDENTURE TRUSTEE**, et al.,
Appellees.

No. 4D2024-2438

[October 22, 2025]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; G. Joseph Curley, Jr., Judge; L.T. Case No. 2023CA010028XX.

Nicole A. Milson of Milson Law, P.A., Miami, for appellant.

William L. Grimsley and Kimberly Held Israel of McGlinchey Stafford, Jacksonville, and Joseph J. Huss and Salvatore H. Fasulo of KHL Law, Fort Lauderdale, for appellee Towd Point Mortgage Trust 2017-6.

GROSS, J.

We reverse a summary final judgment of foreclosure because, on this record, the Husband did not participate in any way in his spouse's execution of a mortgage on homestead property. As we explain below, this result is compelled by Article X, Section 4(c) of the Florida Constitution.

### *Background Facts*

Trevor Brown ("the Husband"), individually and as personal representative of the Estate of Leticia Brown, appeals a final judgment of foreclosure in favor of Towd Point Mortgage Trust 2017-6, U.S. Bank National Association, as Indenture Trustee ("the Trust").

The Husband was married to the deceased borrower, Leticia Brown ("the Borrower"), from 1990 until her death on May 28, 2020.

In 1999, the Borrower executed a promissory note payable to the original lender in the principal amount of $105,931.00, which was secured by a purchase money mortgage encumbering the subject property. The mortgage incorrectly described the Borrower as a "Single Person." The Borrower was the sole grantee on the warranty deed. Shortly after the Borrower purchased the property, a satisfaction of mortgage was recorded in the public records of Palm Beach County, reflecting that the sellers' mortgage in the principal sum of $88,205.00 had been satisfied.

The Husband did not sign the note or mortgage. According to his affidavit, he moved into the property with the Borrower in 1999, but he was not present for the signing of any documents related to a note or mortgage on the property.

The note contained a blank endorsement and was ultimately transferred to the Trust in 2018.

Following the Borrower's death in May 2020, the Husband tried to contact the Trust's loan servicer, Select Portfolio Servicing, Inc. ("SPS"), regarding "the alleged mortgage on the subject property," as he noticed that SPS had sent mail to the Borrower. The Husband attested that he had informed SPS of his wife's death, but SPS refused to discuss the mortgage account with him.

No payment was made for the monthly installment due on July 1, 2020, nor were any payments made thereafter.

In September 2021, SPS sent a notice of default to the Borrower at the property address via first-class mail. The default was not cured.

In September 2022, the Husband's counsel sent a letter to SPS stating that "this firm represents Trevor Brown, the husband of the deceased Leticia Brown, and that we will be opening an estate shortly to properly convey this homestead property." The Husband's counsel enclosed copies of the Borrower's death certificate and marriage certificate of the Husband and the Borrower.

### The Lawsuit and the Pleadings

In May 2023, the Trust filed a complaint to foreclose the mortgage on the property and named various unknown parties as defendants.

The Trust ultimately filed its operative second amended complaint, which named Trevor Brown, individually and as personal representative of

the Estate of Leticia Brown, as a defendant. That complaint asserted three counts: Count I (Foreclosure of Mortgage); Count II (Equitable Vendor's Lien); and Count III (Equitable Subrogation).

The Husband filed an answer and affirmative defenses. He denied the Trust's allegation that all conditions precedent had been performed or had occurred and asserted three affirmative defenses: (1) lack of standing; (2) the Trust "failed to provide proper notice of default to Defendants"; and (3) the mortgage was provided to the Borrower without the consent of the Borrower's spouse on their homestead property.

### The Trust's Motion for Summary Judgment and Exhibits

The Trust moved for final summary judgment, arguing that it was entitled to foreclose the mortgage because no triable issues existed as to whether the Trust was entitled to enforce the note as the holder, whether the Borrower had materially breached her obligations under the loan, whether the Trust had accelerated the loan, and whether the amounts due and owing under the loan were correct. Alternatively, the Trust sought summary judgment on its counts for an equitable vendor's lien and equitable subrogation. Finally, the Trust argued that the Husband bore the burden of proving his affirmative defenses, which the Trust asserted were insufficient or refuted.

In support of its summary judgment motion, the Trust submitted the affidavit of an employee of the loan servicer regarding standard mailing and business practices and the balance due on the note and mortgage. The Trust also submitted the note, the mortgage, the default letter, and the payment history.

### The Husband's Opposition to the Summary Judgment.

The Husband's response to the summary judgment motion argued, among other things, that the mortgage was void because "only Mrs. Brown signed the Note and Mortgage" and a "spouse may only alienate homestead property if joined by the other spouse." The Husband's affidavit stated that he was married to the Borrower from 1990 until her death in 2020 and that he moved into the property with the Borrower in 1999.

### The Trust's Reply

The Trust replied in support of the summary judgment motion, arguing in relevant part that (1) no spousal joinder was required on the purchase

money mortgage, and (2) the record was devoid of any evidence supporting homestead protection for either the Borrower or the Husband.

## *The Final Judgment of Foreclosure*

Following a hearing, the trial court entered a final judgment of foreclosure. The trial court ruled that the Trust had established a prima facie case for mortgage foreclosure and that no genuine dispute of material fact existed. The court found that the Trust, as holder of the endorsed note, had standing to foreclose. Additionally, the court observed that the Trust's evidence established the following: the Borrower defaulted on the loan by failing to make the payment due on July 1, 2020; a default letter was mailed to the Borrower in accordance with the terms of the mortgage; and the amounts due and owing were established by the Trust's affidavit and business records.

Relevant to this appeal, the court applied section 708.08(1), Florida Statutes (1999), to rule that the mortgage was valid. Section 708.08(1) then provided, as it does today, that mortgages "executed by a married woman without the joinder of her husband . . . are as valid and effective as though the husband had joined." Finally, the court ruled that, pursuant to Article X, Section 4(a) of the Florida Constitution, the lien created by the purchase money mortgage was "superior to that of any homestead rights possessed" by the Husband. This appeal ensued.

## *Standard of Review*

The standard of review for orders granting summary judgment is de novo. *Volusia Cnty. v. Aberdeen at Ormond Beach, L.P.*, 760 So. 2d 126, 130 (Fla. 2000).

## *Summary Judgment Standard*

Florida's summary judgment rule, which is to be applied in accordance with the federal standard, states that summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fla. R. Civ. P. 1.510(a). A party seeking summary judgment "always bears the initial responsibility" of demonstrating "the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[T]he inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

4

Still, "[a] movant for summary judgment need not set forth evidence when the nonmovant bears the burden of persuasion at trial." *In re Amends. to Fla. R Civ. P. 1.510*, 317 So. 3d 72, 75 (Fla. 2021). Thus, on a plaintiff's motion for summary judgment, the defendant bears the burden of showing that an affirmative defense is applicable. *G & G In-Between Bridge Club Corp. v. Palm Plaza Assocs.*, 356 So. 3d 292, 299 (Fla. 2d DCA 2023). A genuine factual dispute exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Stated another way, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52. The "mere existence of a scintilla of evidence" in support of the non-movant's position is insufficient to defeat summary judgment. *Id.* at 252.

### *Article X, Section 4(c) Controls Over Section 708.08(1) so that the Mortgage Lien Was Not Effective on Homestead Property*

This case involves the interplay between Article X, Section 4(c) of the Florida Constitution and section 708.08(1), Florida Statutes (1999).

Article X, Section 4(c) of the Florida Constitution states in relevant part that "[t]he owner of homestead real estate, **joined by the spouse if married**, may alienate the homestead by mortgage[.]" (Emphasis added).

"Florida courts have consistently interpreted this constitutional provision as requiring spousal joinder in the execution of a mortgage on homestead property in order for the mortgage to encumber the property and be enforceable in foreclosure, even where only the signatory spouse is an owner of record on the property's deed*." Crawford v. Fed. Nat'l Mortgage Ass'n*, 266 So. 3d 1274, 1277 (Fla. 5th DCA 2019).

A 1985 amendment to the Florida Constitution revised the definition of homestead from a residence owned by the "head of a family" to a residence owned by a "natural person." *See Isaacs v. Fed. Nat'l Mortg. Ass'n*, 373 So. 3d 1172, 1173–75 (Fla. 3d DCA 2022). Following the 1985 amendment, "the restrictions against alienation and devise found in section (4)(c) apply to any 'natural person' owning property that otherwise qualifies as homestead and, conversely, protect any spouse married to a natural person owning a homestead." *Id.* at 1175. Thus, Article X, Section 4(c) unambiguously requires a married owner of homestead property to obtain their spouse's joinder in the mortgage against the property. *Id.*

5

A mortgage of homestead property is not void when signed by only one spouse, but it is "ineffectual as a lien until such time as either the spouse joins in the alienation or the property loses its homestead status." *Pitts v. Pastore*, 561 So. 2d 297, 301 (Fla. 2d DCA 1990). If a purchase money mortgage lien is ineffective due to the nonjoinder of one spouse, the note holder is entitled to an equitable vendor's lien on the property. *See Spikes v. OneWest Bank FSB*, 106 So. 3d 475, 478 (Fla. 4th DCA 2012).

A homestead protection enshrined in the Florida Constitution is the exemption from forced sale by creditors under Article X, Section 4(a). This provision states in relevant part that a homestead is "exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, **except for** . . . obligations contracted for the purchase, improvement or repair thereof . . . ." Art. X, § 4(a), Fla. Const. (emphasis added).

"The determination that a mortgage is a purchase money mortgage is important because purchase money mortgages take priority over all prior claims or liens that attach to the property through the mortgagor." *BancFlorida v. Hayward*, 689 So. 2d 1052, 1054 (Fla. 1997). Thus, "a purchase-money mortgage, made simultaneously with the conveyance to the mortgagor, takes precedence over any lien arising through the mortgagor, even though the latter be prior in point of time." *Id.* (cleaned up). In short, purchase money mortgages are "recognized as being senior to the claims of dower and homestead." *Assocs. Disc. Corp. v. Gomes*, 338 So. 2d 552, 553 (Fla. 3d DCA 1976). A mortgage qualifies as a purchase money mortgage even when executed in favor of a third party other than the vendor, as long as it was given to finance part of the property's purchase price. *Sarmiento v. Stockton, Whatley, Davin & Co.*, 399 So. 2d 1057, 1058 (Fla. 3d DCA 1981).

Here, the trial court erred by entering a final judgment of mortgage foreclosure because Article X, Section 4(c) did not allow the Borrower to alienate homestead property by mortgage without her spouse's joinder. While the mortgage was not void, it was ineffective as a lien and could not support foreclosure until either the Husband joined the mortgage or the property lost its homestead status. At a minimum, the Husband's evidence created a genuine dispute of fact as to whether the Borrower had improperly alienated homestead property by mortgage without the Husband's joinder.

Viewed in the light most favorable to the Husband, the evidence showed that the mortgage lien was ineffective because the Husband did not join in the execution of the mortgage on his wife's homestead property. As the

Third District explained in *Isaacs*, "under the clear and unambiguous language of section (4), the wife was required to obtain the husband's joinder in the mortgage against the property under section (4)(c) because she was a married owner of property which constituted homestead within the meaning of section (4)(a) at the time of the mortgage." 373 So. 3d at 1175.[1] Therefore, the trial court erred in finding that the Trust was entitled to foreclose on the mortgage of homestead property where the Borrower's spouse did not sign the mortgage.

The trial court's reliance upon section 708.08(1) was misplaced. Section 708.08 was last amended in 1983. The latest version of section 708.08 thus predates the 1985 amendments to Article X, Section 4 of the Florida Constitution.

Section 708.08(1), Florida Statutes (1999), governs married women's property rights and states in part that "[a]ll conveyances, contracts, transfers, or mortgages of real property or any interest in it executed by a married woman without the joinder of her husband . . . are as valid and effective as though the husband had joined."

Significantly, a constitutional provision must prevail over any conflicting language in a statute. *See, e.g., State v. Washington*, 403 So. 3d 465, 471 (Fla. 6th DCA 2025). Section 708.08(1) cannot constitutionally be applied to homestead property because this would conflict with Article X, Section 4(c)'s requirement of spousal joinder for alienation of homestead property. Thus, Article X, Section 4(c) prevails over the conflicting language in section 708.08(1), which must be construed to apply only to non-homestead property.

The Trust has misplaced its reliance on *Smith v. Martin*, 186 So. 2d 16, 18 (Fla. 1966), to argue the interplay between Article X, Section 4(c) and section 708.08(1). There, the Florida Supreme Court affirmed the validity of an older version of section 708.08, which prohibited a married woman from encumbering her real property without the joinder of her husband. *See* § 708.08, Fla. Stat. (1966) (stating that "no deed, mortgage or other

---

[1] We have held an inadvertent failure to obtain a wife's signature on a mortgage did not render a mortgage void where the wife attended the loan closing, knew "the proceeds of the mortgage were being used to pay for the property, and would have signed the mortgage if requested to do so." *Countrywide Home Loans, Inc. v. Kim*, 898 So. 2d 250, 250–51 (Fla. 4th DCA 2005). Because the Husband denied being present for the signing of any loan documents, the reasoning of *Kim*—permitting a foreclosure action where a spouse inadvertently failed to sign the mortgage—would not apply here.

instrument conveying or encumbering real property owned by a married woman shall be valid without the joinder of her husband"). The mortgage in *Smith* was invalid for lack of spousal joinder, but the Florida Supreme Court ruled that the property was nonetheless subject to an equitable lien. 186 So. 2d at 17–18. In short, *Smith* does not address the interplay between the current versions of the constitutional provision and the statute.

The Trust argues that its interest in the property is superior to the Husband's homestead rights because the mortgage is a purchase money mortgage. But this argument conflates two distinct constitutional homestead provisions. It is true that a homestead's exemption from forced sale under Article X, Section 4(a) does not apply to the holder of a purchase money mortgage. But that is beside the point.

The important point is that Article X, Section 4(c)'s requirement for spousal joinder in the *execution* of a mortgage on homestead property must be satisfied in order for the mortgage lien to encumber the property and be enforceable in foreclosure. Therefore, the exception to the forced sale exemption in Section 4(a) for purchase money mortgages does not alter the distinct constitutional restraint on alienation in Section 4(c). Both provisions can be read in harmony. Article X, Section 4(c)'s prohibition on the alienation of homestead property without the spouse's joinder applies to both the initial acquisition of homestead property through a purchase money mortgage and any other alienation of the homestead property.

For these reasons, we reverse the summary final judgment on Count I for mortgage foreclosure and remand for the trial court to (1) deny the Trust's motion for summary judgment on the mortgage foreclosure count, and (2) address the Trust's motion for summary judgment on the counts for an equitable vendor's lien and equitable subrogation lien. *See Spikes*, 106 So. 3d at 478 (holding that a purchase money mortgage executed only by the husband gave rise to an equitable vendor's lien); *Crawford*, 266 So. 3d at 1277 (holding that the trial court erred by entering a judgment for mortgage foreclosure against the non-signatory spouse's homestead but did not err in imposing an equitable lien on the property). Because the trial court did not rule upon the Trust's alternative counts for equitable relief, we do not reach those issues in this opinion. *See Mendelson v. Great W. Bank, F.S.B.*, 712 So. 2d 1194, 1197 (Fla. 2d DCA 1998) (reversing foreclosure judgment but declining to address the issue of the bank's entitlement to an equitable lien because "the circuit court never ruled on" the bank's equitable lien claim). We also decline to reach any of the Husband's other arguments for reversal.

8

*Reversed and remanded.*

GERBER and FORST, JJ., concur.

\*　　　\*　　　\*

**Not final until disposition of timely-filed motion for rehearing.**